Tonik, Appellant, *v.* Apex Garages, Inc., Appellant.

374

Argued January 12, 1971. Before JONES, EAGEN, O'BRIEN, ROBERTS, POMEROY and BARBIERI, JJ.

*C. William Kraft, III,* with him *Beasley, Albert, Hewson & Casey,* for plaintiff.

*Victor L. Drexel,* with him *Richard J. van Roden,* and *Pepper, Hamilton & Scheetz,* for defendant.

OPINION BY MR. JUSTICE EAGEN, March 25, 1971:

On January 21, 1963, Miss Frances Tonik was injured when she fell while walking on the public sidewalk located in front of the business premises of Apex Garages, Inc. (Apex), on Broad Street in Philadelphia. She sued Apex for damages, and at trial was awarded a verdict of $20,000 by the jury. Apex filed motions for judgment notwithstanding the verdict or, in the al-

ternative, a new trial. The court below denied the motion for judgment n.o.v., but directed that Miss Tonik file a remittitur in the sum of $10,000 or suffer a new trial. Miss Tonik refused to file the remittitur and filed an appeal from the new trial order.[1] Defendant Apex filed an appeal from the denial of judgment n.o.v.[2]

### APPEAL OF APEX (No. 660)

Apex contends: (1) The evidence was insufficient, as a matter of law, to establish that negligence on its part caused Miss Tonik's injuries; and, (2) In any event, she was guilty of contributory negligence, as a matter of law, which bars recovery. We disagree on both counts.

In evaluating the correctness of the order denying judgment n.o.v., it is fundamental that the evidence must be read in a light most favorable to the verdict winner, and all conflicts therein must be resolved in her favor, and also she must be given the benefit of every reasonable inference arising therefrom. *Cobosco v. Life Assurance Company*, 419 Pa. 158, 213 A. 2d 369 (1965). So read, the record discloses the following.

On the day involved, Miss Tonik, accompanied by her sister, was walking along the sidewalk on the east side of Broad Street. Although the weather was cloudy and cold, there had been no recent precipitation. The two walked from their home, some distance removed, and there was no ice or snow on any of the sidewalks along the way.

As Miss Tonik and her sister approached the Apex premises, they observed automobiles in front thereof,

---

[1] As to plaintiff's right to appeal under the circumstances, see *Corabi v. Curtis Publishing Company*, 437 Pa. 143, 262 A. 2d 665 (1970).

[2] As to our scope of review, see *Corabi v. Curtis Publishing Company*, 441 Pa. 432, 273 A. 2d 899 (1971).

which were parked partly on the roadway and partly on the sidewalk, blocking their intended path of travel. Rather than attempt to navigate their way around the vehicles by stepping out into the roadway of Broad Street, a very heavily traveled thoroughfare, Miss Tonik chose to traverse the pavement on the sidewalk side of the parked vehicles, and as she proceeded to do so, she slipped and fell in an area on the sidewalk where there was "a crack" in the pavement which was covered by ice.

Relying on our decision in *Rinaldi v. Levine,* 406 Pa. 74, 176 A. 2d 623 (1962), Apex submits that in the absence of proof of the existence of "hills and ridges," negligence was not established. *Rinaldi* is inapposite. Proof of "hills and ridges" is necessary only when it appears that the accident occurred at a time when general slippery conditions prevailed in the community, which is not the case here. See *Williams v. Shultz,* 429 Pa. 429, 240 A. 2d 812 (1968), and many supporting cases cited therein. Where, as here, a specific, localized patch of ice exists on a sidewalk otherwise free of ice and snow, the existence of "hills and ridges" need not be established.

In support of its position that the evidence is insufficient to support a finding of negligence, Apex next maintains that the proof failed to establish what caused Miss Tonik's fall. It is true that the burden was upon Miss Tonik to prove that the negligent condition existing on the sidewalk was the proximate cause of the accident and of her injury. *Malitovsky v. Harshaw Chemical Company,* 360 Pa. 279, 61 A. 2d 846 (1948). We are satisfied that under the evidence the question was for the jury.

Miss Tonik herself could only testify that as she was negotiating her way past the obstructing vehicles, her foot slipped out from under her causing her to fall

to the sidewalk. However, her sister stated that as the injured Miss Tonik was lifted from the sidewalk by a policeman, she observed that on the spot where the fall occurred there was a crack in the pavement covered with ice. Certainly, this testimony permitted a reasonable inference that the ice and the crack caused the fall. Cf. *O'Toole v. Dunmore Borough,* 404 Pa. 479, 172 A. 2d 818 (1961).

Apex's contention that Miss Tonik was guilty of contributory negligence, as a matter of law, is likewise without merit. Again, it is fundamental that such may be declared only in a case that is free from doubt. *Heffernan v. Rosser,* 419 Pa. 550, 215 A. 2d 655 (1966). This is not such a case.

As noted earlier, Miss Tonik was confronted with the choice of attempting to navigate her way on the sidewalk around the parked vehicles as best she could to travel beyond the Apex premises, or to step out into the dangerous roadway of Broad Street. While her view of the sidewalk was obstructed in part by the parked automobiles, we cannot say that her choice of routes was one which a reasonably prudent person would not follow. Cf. *Starr v. Phila. Transportation Company,* 191 Pa. Superior Ct. 559, 159 A. 2d 10 (1960).

Hence, the lower court correctly overruled Apex's motion for judgment notwithstanding the verdict.

### APPEAL OF FRANCES TONIK (No. 666)

As a result of the fall, Miss Tonik suffered a fractured hip which necessitated 43 days of hospitalization. During her stay in the hospital, she underwent an operation in which the injured hip was opened and the peroneal head was replaced with an Austin prosthesis. After her discharge from the hospital, Miss Tonik continued on an out-patient basis for a period receiving

daily physiotherapy to learn how to walk. For several weeks she was compelled to use a "walker" and then spent one year on crutches; thenceforth and even up to the day of trial on April 20, 1970, Miss Tonik could not navigate without the use of a cane. Her hospital and medical bills totalled $1,119.15.

We recognize that the grant of a new trial on the ground of excessiveness is peculiarly within the discretion of the trial court and such an order will not be disturbed on appeal, unless the record discloses a clear abuse of discretion. *Connolly v. Phila. Transportation Company,* 420 Pa. 280, 216 A. 2d 60 (1966). However, this does not mean we will not interfere or reverse such an order in a case where the trial court attempts to substitute its judgment for that of the jury as to what damages should be recovered. The duty of assessing damages is within the province of the jury and should not be interfered with by the court, unless it clearly appears that the amount awarded resulted from caprice, prejudice, partiality, corruption or some other improper influence. *Spangler v. Helm's N.Y.-Pgh. Motor Express,* 396 Pa. 482, 153 A. 2d 490 (1959).

Considering all of the facts disclosed by the instant record, namely, the serious injury suffered; the length of time required for hospitalization and medical care; the long period of disability; the pain and suffering which extended for years and still continues; and the present decreased purchasing power of the dollar, we cannot see how it can be said that the jury in awarding Miss Tonik $20,000 acted capriciously or from some other improper consideration.

The order granting a new trial is reversed, and the record is remanded with directions to reinstate the jury's verdict and enter judgment thereon.

Mr. Justice ROBERTS concurs in the result.

Mr. Chief Justice BELL took no part in the consideration or decision of this case.