---

**Baratta v. Middle East Restaurant**

*Harris J. Sklar,* for plaintiffs.

*Alfred Sarowitz,* for defendant.

McDEVITT, J., May 1, 1972.—This case was tried before the Hon. John J. McDevitt, 3rd, and a jury on April 7 and 8, 1971. The jury returned a verdict in favor of plaintiffs, Joseph Baratta, for $3,000 and Frances Baratta, for $8,000 against defendant. Defendant moved for judgment n.o.v.

Defendant in its brief supporting this motion, gave three reasons:

1. There is a distinct variance between the allegata and the probata.

2. The evidence is inadequate and insufficient to sustain the verdict.

3. The contributory negligence of Frances Baratta appears so clearly in plaintiffs' case as to preclude recovery.

## FACTS

On January 11, 1968, the date of the accident, plaintiff, Frances Baratta, was returning to her home located next door to defendant's restaurant after an errand to a grocery store. As she was walking along the sidewalk in front of defendant's premises, the door to the restaurant opened, Tayoun rushed out and to avoid him she stepped to the side, toward the street, and slipped on a patch of ice two or three feet long by six inches wide, that was present under the edge of the restaurant's entrance canopy. The sidewalk in front of the restaurant was partially occupied by a

stormdoor enclosure and the cloth canopy supported by narrow metal poles which extended to near the curb.

As a result of the fall, Frances Baratta sustained a fractured elbow, was knocked unconscious and bruised her hip.

## DISCUSSION

The first time defendant raised the issue of a variance between the allegata and the probata was in its brief.

At no point in plaintiffs' case did defendant object to testimony as not covered by the pleadings. At the close of plaintiffs' case defendant moved for a nonsuit premised upon plaintiffs' failure to establish their case. Nowhere does it appear that defendant specifically gave as a reason a variance between the pleadings and the proof.

In its points for charge, defendant did make a request for binding instructions. As before in the motion for a nonsuit, variance was not given as a reason.

The injured party may take advantage of a variance by objection when testimony not covered by the pleadings is offered; by moving for a nonsuit, assigning the variance as the reason; or by assigning the variance as a ground for binding instructions: Malone v. Melnick, 378 Pa. 483 (1954); Slingluff v. Dennis, 376 Pa. 91 (1954).

Since none of the above was done, defendant is deemed to have waived its objection, if, assuming there was a variance between the pleadings and the proof. To hold otherwise would deprive plaintiffs of an opportunity at trial to move to amend the averment in the complaint to conform to the specific proofs.

In any event, assuming defendant properly raised and preserved its position with respect to the variance

between the allegata and probata, it is not such a variance as to require the grant of defendant's motion for judgment n.o.v.

Plaintiffs' complaint, paragraphs 3 and 4, alleges that on the date of the accident and for a long time prior thereto, defendant negligently permitted a dangerous condition [which] consisted of an unlawful accumulation of snow and ice with ridges and hills. In paragraph 5, plaintiffs state Frances Baratta was caused to slip and fall by reason of the above described dangerous and defective condition of the sidewalk.

Proof of hills and ridges of ice is necessary and applicable only when it appears that the fall occurred when generally slippery conditions prevailed in the community as a result of recent precipitation: Williams v. Shultz, 429 Pa. 429 (1968); Tonik v. Apex Garages, Inc., 442 Pa. 373 (1971).

The evidence established that the sidewalk conditions in the area of the fall were generally clear, that the dangerous condition existed and was the proximate cause of the fall, and that the accumulation or formation of ice had been present at least one day prior to the accident, thus existing a sufficient length of time to charge defendant with constructive notice. This would be true particularly in this instance where the dangerous condition was at the entrance to defendant's restaurant.

Defendant contends that the evidence established that general slippery conditions prevailed because, in plaintiffs' case, testimony was presented that it had snowed several days before the accident. However, defendant did not present any evidence in its own case as to the prevailing conditions. In fact, defendant rested upon conclusion of plaintiffs' case and after denial of its motion for a nonsuit.

In determining whether the evidence supports the verdict, the party whom the verdict favors must be given the benefit of every fact and inference of fact pertinent to the issue which may reasonably be deduced from the evidence and which the jury can find therefrom; that such facts and inferences of facts must be taken as true, and that all testimony must be read in the light most favorable to her and all conflict of evidence must be resolved in her favor, whether such testimony has been offered by her or by her adversary: Connolly v. Philadelphia Transportation Co., 420 Pa. 280 (1966); Schwegel v. Goldberg, 209 Pa. Superior Ct. 280 (1967). Nonetheless, a verdict may not be based on speculation or conjecture: Sadowski v. Eazor Express, Inc., 213 Pa. Superior Ct. 471 (1968).

It may be that plaintiffs did not present their strongest possible case. This resulted mainly from defendant's trial tactics. Plaintiffs obviously assumed that defendant would call James Tayoun to the witness stand. Thus, they were surprised when defendant rested without calling any witnesses. Tayoun was in court during the jury selection and was introduced to the jury by defense counsel. A number of the prospective jurors stated they had been to the restaurant, knew or knew of Tayoun. This man is a well-known local figure who has received considerable publicity and is politically active. In addition, defense counsel made an opening statement to the jury in the course of which he referred to Tayoun and his connection with Middle East Restaurant, Inc. Actually, it makes no difference who Tayoun was or his connection with the accident. The negligence of defendant, i.e., permitting the icy condition to exist, was the proximate cause of the accident.

The record presents facts sufficient to prove action-

able negligence against defendant, both directly and inferentially. The pavement was generally clear, with patches of ice here and there. There was no testimony that it was snowing or raining at the time of the accident, only that it had snowed a few days prior to the occurrence. It was thus established that the sidewalk was generally clear with an isolated patch of ice paralleling the edge of the canopy. The jury could reasonably infer that this ice formed as a result of drippings from the awning. The jury could find from the size and location of the ice patch that it presented an unreasonable obstruction to travel especially in light of the fact that the sidewalk was already narrowed by the presence of a storm enclosure at the entrance to defendant's restaurant and when plaintiff, Frances Baratta, was forced to move over as Tayoun rushed out of the restaurant, this further restricted her area of travel.

There is no dispute that Mrs. Baratta stepped on the ice and fell. But did defendant have notice of the patch of ice? The ice had been there at least one day. Thus, it would be perfectly reasonable to assume that the persons charged with the operation and maintenance, inside and out, of a going restaurant enterprise had actual or constructive notice of this dangerous condition.

To permit a finding of actionable negligence plaintiff must sustain the burden of proving not only that the dangerous condition existed but also that the injuries sustained were proximately caused by the accumulation of ice. The landowner must have had actual notice or the dangerous condition have existed a sufficient length of time to charge it with constructive notice: Tonik v. Apex Garages, Inc., 442 Pa. 373 (1971).

Under the facts of this case, it is not necessary to

show that the accumulation of ice was of sufficient size to constitute an unreasonable obstruction to travel: Zieg v. Pittsburgh, 348 Pa. 155 (1943), but from the size and location of the ice patch, the jury could have reasonably so found.

Was Mrs. Baratta guilty of contributory negligence which would bar recovery by plaintiffs?

The general rule in cases of a pedestrian injured due to a defective condition in a sidewalk may be stated as follows:

"One who, in broad daylight, walks into an obvious defect in a sidewalk is presumptively negligent, and . . . and the burden rests upon the party complaining to show conditions outside of himself which prevented his seeing the defect, or which would excuse his failure to observe it": McDonald v. Mars Borough, 371 Pa. 625 (1952).

Here, the jury found, and the court believes, plaintiff had a valid reason for failing to see the ice patch. She was confronted by Tayoun rushing out of the restaurant and naturally reacted as a reasonable and prudent person would to step out of the way. Therefore, the court believes, whether or not Mrs. Baratta was guilty of contributory negligence was properly submitted to the jury.

## CONCLUSION

The particular status of Tayoun in this case deserves further exploration and examination. During the course of the jury voir dire, Tayoun sat at defense counsel's table and was introduced to the jury. No evidence was introduced to tie Tayoun in with the restaurant. However, defendant's counsel, in his opening speech, did say that he would show Tayoun was on the sidewalk with another gentleman.

Thereafter, Tayoun did not appear at the trial.

Plaintiffs' counsel introduced testimony that Tayoun helped Mrs. Baratta to her home. Also, that immediately after the accident Tayoun was observed putting salt on the ice patch. Defendant did not object to admission of this testimony. Though this factor would not be evidence of negligence, it would be evidence of some relationship to defendant company and recognition of the dangerous condition.

Defense counsel would require the jury to leave its common sense and reasoning powers out of the case. It would not have been speculation or conjecture from the foregoing for the jury to infer that Tayoun had more than a causal connection with defendant. Regardless of this fact, even had Tayoun been a customer, this court believes a causal connection was established between defendant's negligence and plaintiff's injuries.

For the above-mentioned reasons defendant's motion for judgment n.o.v. was denied.