## Liggett v. Pennsylvania's Northern Lights Shoppers City Inc.

*Thomas R. Matvey,* for plaintiffs.

*Dennis F. Wolford* and *Bernard J. Kelly,* for defendants, Pennsylvania's Northern Lights Shoppers City Inc.

*George Kachulis,* for defendants, Morini Foods Services and Northern Lights Giant Eagle.*

---

*Morini Food Services & Northern Lights Giant Eagle were dismissed from case by stipulation of counsel.

*Miles A. Kirshner,* for defendant, TABS Inc.

KWIDIS, *J.,* June 28, 2005—

## FACTS

Before the court is a motion for summary judgment filed on behalf of the defendants, Pennsylvania's Northern Lights Shoppers City and Casto-Skilken Group, and the additional defendant, TABS Inc., concerning a slip/fall incident that occurred on January 7, 2002, in the parking lot of the Northern Lights Shopping Center, Baden, Beaver County, PA.

The defendant's expert report states that there had been light snowfalls from December 25, 2001, through January 2, 2002, that left about an inch of accumulation on exposed undisturbed ground in the Baden area. Climbing temperatures reduced the accumulations to near zero by daybreak of January 6, 2002. Around 9 a.m. on January 6, 2002, it began to snow, leaving about five inches of snow before tapering to flurries during the morning of the seventh. The plaintiff, Cassandra Ligget, entered the parking area of the shopping center on January 7, 2002, around 6:15 p.m. After exiting her vehicle, she took approximately seven steps and then slipped and fell to the ground. At the time of her fall, there were only traces of snow left in the parking lot in between some of the parking stalls, and it appeared as if the parking lot had been plowed by the additional defendant, TABS Inc., the snow removal contractor employed to clear the subject lot.

In his report, the defendant's expert explained the presence of the ice and snow as being a result of several factors: (1) run-off carried salt dilutions to drains and elsewhere; (2) departing automobiles carried some of the salt solution away; (3) arriving automobiles carried in snow that diluted the remaining salt solution. The net result, in his opinion, which caused the area where the plaintiff fell to freeze, was that temperatures dropped approaching the evening hours.

The plaintiff testified that she slipped and fell on a smooth localized patch of ice that was approximately six feet by six feet. She described the patch of ice as a thin sheet of ice.

## STANDARD OF REVIEW

Summary judgment is properly granted after the close of all relevant pleadings "whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report," and the moving party is entitled to judgment as a matter of law. Pa.R.C.P. 1035.2(1); *Ovitsky v. Capital City Economic Development Corp.,* 846 A.2d 124, 125 (Pa. Super. 2004). The party moving for summary judgment shoulders the burden of proving the nonexistence of any genuine issue of material fact. *Kafando v. Erie Ceramic Arts Co.,* 764 A.2d 59, 61 (Pa. Super. 2000). "The record must be viewed in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party." *Kafando,* 764 A.2d at 61. The moving party's oral

testimony alone, even if uncontradicted, is insufficient to establish the absence of any genuine issues of material fact. *Penn Center House Inc. v. Hoffman,* 520 Pa. 171, 176, 553 A.2d 900, 903 (1989) (citing *Nanty-Glo Boro. v. American Surety Co.,* 309 Pa. 236, 163 A. 523 (1932)).

## ANALYSIS

The issue before the court is whether the "hills and ridges" doctrine should be applied based on the foregoing facts and summary judgment should be granted in favor of the defendants.

The "hills and ridges" doctrine provides that an owner or occupier of land is not liable for falls occurring on his or her property where generally slippery conditions exist, unless the owner has "permitted the ice and snow to unreasonably accumulate in ridges or elevations." *Morin v. Traveler's Rest Motel Inc.,* 704 A.2d 1085, 1087 (Pa. Super. 1997); *Harmotta v. Bender,* 411 Pa. Super. 371, 601 A.2d 837 (1992), *appeal denied,* 530 Pa. 655, 608 A.2d 30 (1992). The policy behind the doctrine is clear: to require that one's walks should always be free of ice and snow would impose an impossible burden in view of the climatic conditions in this hemisphere. *Wentz v. Pennswood Apartments,* 359 Pa. Super. 1, 5, 518 A.2d 314, 316 (1986).

Where the doctrine is applicable, a plaintiff must prove: "(1) that snow and ice had accumulated on the sidewalk in ridges or elevations of such size and character as to unreasonably obstruct travel and constitute a danger to pedestrians traveling thereon; (2) that the property owner

had notice, either actual or constructive, of the existence of such condition; and (3) that it was the dangerous accumulation of snow and ice which caused the plaintiff to fall." *Rinaldi v. Levine,* 406 Pa. 74, 78-79, 176 A.2d 623, 625 (1962). (citations omitted)

The "hills and ridges" doctrine applies only where there is a generally slippery condition at the time of an accident. *Id.* The doctrine may be applied only in cases where the snow and ice complained of are the result of a recent snowfall that results in an "entirely natural accumulation." *Harmotta v. Bender, supra* at 380, 601 A.2d at 841. Thus, proof of "hills and ridges" is not necessary when the hazard is not the result of a generally slippery condition, but originates from a localized patch of ice. *Id.* at 381, 601 A.2d at 841 (citing *Tonik v. Apex Garages Inc.,* 442 Pa. 373, 275 A.2d 296 (1971)).

In the instant case, this court believes that the plaintiff has raised significant material issues of fact to preclude the entry of summary judgment.

The law clearly states that the condition complained of must be the result of a *natural* accumulation resulting from a recent snowfall. While the defendants have offered evidence through their expert report that there was significant snowfall on the day before the incident, as well as a dusting on the day of the accident, the defendant's expert admits that the patch of ice was not due to a natural accumulation.

In *Bacsick v. Barnes,* 234 Pa. Super. 616, 341 A.2d 157 (1975), the Superior Court dealt with a factually

analogous situation. In *Bacsick,* approximately two days before the slip and fall incident, it had snowed between 12 to 15 inches. Some of the inhabitants of the town where the accident occurred had removed the snow from their walkways and parking lots while others had not. This particular accident occurred as a result of a snow bank having been placed on the sidewalk. This snow bank forced the plaintiff to walk along a path on the street made by earlier pedestrians. The plaintiff then slipped and was struck by a car. The court found the driver of the car free of negligence and found the owner of the store, as well as the municipality, negligent. The defendants appealed, however, on the grounds that the plaintiff had not established the existence of "hills and ridges" or elevations of ice and snow which had been allowed to remain for an unreasonable amount of time, but only a generally slippery condition which was insufficient to impose liability on appellees. *Id.* at 619-21, 341 A.2d at 160.

In finding for the plaintiff, the Superior Court held:

"It appears that the 'hills and ridges' doctrine may be applied only in cases where the snow and ice complained of are the result of an entirely natural accumulation, following a recent snowfall. Thus, the rule of *Rinaldi v. Levine, supra,* is predicated on the assumption that '[t]hese formations are *natural phenomena* incidental to our climate.' *Rinaldi v. Levine, supra* at 78, 176 A.2d at 625, quoting *Whitton v. H. A. Gable Co., supra* at 431, 200 A. at 645. (emphasis supplied) In the instant case, evidence was received tending to prove that the snow bank which blocked Mrs. Bacsick's access to the side-

walk was, in large part, of artificial origin; it was apparently deposited as the result of the plowing of the street by the city and state snowplows." *Bacsick v. Barnes,* 234 Pa. Super. 616, 621-22, 341 A.2d 157, 160. (emphasis in original)

Following the logic applied by the Superior Court, this court believes that the localized ice patch that the plaintiff slipped on was not the result of a natural accumulation. The defendant's own expert has offered evidence supporting such a conclusion. In his report, the expert meteorologist states,

"If TABS had plowed and salted, why did ice exist where Mrs. Ligget fell? There is a simple explanation. The salt originally melted remnant snow that plowing alone can't normally remove, leaving wet areas throughout the parking lot during most of the day. Run-off carried some of the salt solution to drains and elsewhere. Departing automobiles carried some of the salt solution away. Arriving automobiles carried in some fresh snow that diluted the remaining solution, and even dripped additional water into the parking lot. The net result was diluted wetness that could freeze more easily, and the setting of the sun triggered a freezing episode that had existed for only a short time before the incident."

The defendant's expert's explanation of how this particular patch of ice formed indicates that it was not the result of a natural accumulation, therefore the "hills and ridges" doctrine is inapplicable to the facts of this case.

Furthermore, in *Tonik v. Apex Garages Inc.,* 442 Pa. 373, 376, 275 A.2d 296, 298 (1971), the court held where

a localized patch of ice existed at the place where pedestrian fell on the sidewalk which was otherwise free of ice and snow, pedestrian was not required to establish the existence of "hills and ridges" in order to recover from occupant of adjoining property for injuries sustained in the fall.

It is clear from evidence offered by both sides that the parking lot was generally free from snow with the exception of a few areas between stalls. Also, both sides describe the ice as being isolated. Therefore, in light of the rationale handed down by the court in *Tonik,* this court further believes that a motion for summary judgment based on the "hills and ridges" doctrine would be inappropriate.

## ORDER

And now, June 28, 2005, after argument court on the motions of summary judgment filed by the original defendant, Pennsylvania's Northern Lights Shoppers City Inc., Casto-Skilken Group, and the additional defendant, TABS Inc., it is hereby ordered and directed that said motions for summary judgment are denied.

Pursuant to the stipulation of counsel, it is further ordered and directed that the co-original defendant, Morini Food Service Inc., t/d/b/a Northern Lights Giant Eagle and the co-additional defendant, Total Asphalt Building Services Inc., are dismissed from this cause of action. The prothonotary is ordered to amend the caption accordingly.