J-A15044-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| GREGORY NEIFERT, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| SPEEDWAY LLC AND TRACEY R. | : | |
| CORRELL | : | No. 1891 MDA 2016 |

Appeal from the Order dated November 7, 2016
in the Court of Common Pleas of Berks County,
Civil Division, No(s):  15-3929

BEFORE:  MOULTON, SOLANO and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:          **FILED SEPTEMBER 14, 2017**

Gregory Neifert ("Neifert") appeals from the Order granting the Motion

for Summary Judgment filed by Speedway LLC ("Speedway"), and Tracey R.

Correll ("Correll") (collectively, "Defendants"), and dismissing Neifert's

Complaint, with prejudice.  We affirm.

The trial court set forth the relevant history underlying this appeal as

follows:

> Neifert[] allege[d] in his Complaint[, filed on January 2,
> 2014,[1]] that he slipped on ice and fell on the parking lot
> [(hereinafter, "the parking lot")] of [the predecessor corporation
> of Speedway], Hess Corporation and Hess Mart, Inc. (hereinafter,
> ["the] Store["]), on December 7, 2012.   [Neifert] sustained
> injuries and lost consciousness for approximately five minutes.
> He subsequently filed a negligence action against [the] Store and
> its manager, [] Correll.

---

[1] Defendants filed an Answer and New Matter to the Complaint on July 29,
2014.  Neifert thereafter filed a Reply.

Following the completion of discovery, [D]efendants filed a Motion for Summary Judgment [on September 2, 2016.[2]] The following evidence was obtained through discovery.

[Neifert] purchased a cup of tea at [the] Store on December 7, 2012, at 7:30 a.m. As he was returning to his truck, he fell [in the parking lot] and struck his head. He does not remember being in [the] Store and buying his drink.[3] …

It is undisputed that ice was on the ground near where [Neifert] fell due to precipitation that froze on the ground. The only employee at [the] Store during [Neifert's] visit[, Heather Knappenberger Pisarra ("Pisarra"),] had arrived for work just before 7:00 a.m.[,] when there was a light mist. [Pisarra stated that a]t the time of [her] arrival, the ground was wet, but there was no ice or snow. No customers complained of any ice to [Pisarra].

Shortly after [Neifert] had exited [the] Store, another customer entered it and told [Pisarra] that someone had fallen on the [parking] lot. [Pisarra] went outside and provided assistance to [Neifert]. [Pisarra] also called 911 and [] Correll.

[] Correll was approximately one minute away from [the] Store when she [] received [Pisarra's] telephone call. [Correll] arrived at [the] Store shortly thereafter and also helped [Neifert]. [Correll] looked around the [parking] lot and discovered that a small portion of the ground had small, thin patches of black ice from the ongoing misty rain. She then covered the patches with ice melt.

---

[2] Defendants asserted in their Motion for Summary Judgment that the "hills and ridges" doctrine barred recovery by Neifert. Defendants alleged that generally slippery weather conditions existed in the community on the day of Neifert's fall, and Defendants had no actual or constructive notice of the icy condition that had caused Neifert's injury. Neifert filed a Response to Defendants' Motion.

[3] Neifert testified that he did not remember going to the Store on the morning in question, the weather conditions at that time, or anything that transpired after his fall. *See* N.T., 9/9/15, at 75, 80-81, 86. He stated that his head injury caused him to have memory deficiencies, and his first memory after the fall was several weeks later in the hospital. *Id.* at 75, 79, 111.

J-A15044-17

The parties also took depositions of [] two EMS workers, Scott Bernheiser [("Bernheiser")] and Carl Moyer [("Moyer")], who [had] responded to the 911 call. [] Bernheiser described the weather as a "kind of freak ice storm" that had begun after his arrival for work at 7:00 a.m. [Bernheiser stated that there] was still a light rain [occurring] when he had arrived at [the] Store. He further testified that "everything was icy" on the [parking] lot when he had arrived.

[] Moyer also testified that there had been black ice in the area where [Neifert] had been. [] Moyer had to hold onto one of the firefighters because the precipitation had caused some people to slide as they were walking [on the parking lot].

[Neifert] testified that if he had known that there was a possibility of ice and icy roads [on the day of the incident], he would not have driven a rollback truck [(*i.e.*, the type of tow truck that he had driven on the morning in question)] because it does not handle well on ice and snow.

According to [historical records, which Defendants had attached as exhibits to their Motion for Summary Judgment,[4]] there was no precipitation on December 6, 2012, the day before the accident. On December 7, 2012, t]here was a light rain that began falling at approximately 6:54 a.m.[,] when the temperature was 32 degrees Fahrenheit. It was still raining at 7:54 a.m.[,] when the temperature was 33.1 degrees Fahrenheit.

Trial Court Opinion, 1/9/17, at 1-3 (footnotes added).[5]

---

[4] The records submitted by Defendants appear to be printouts from a website (Defendants identify it as *Weather Underground*), which apparently archives historical weather records. Neither party produced an expert report concerning the weather on December 7, 2012.

[5] We additionally note that Ronald Landis ("Landis"), a work friend of Neifert's, testified that, though Landis was located several miles away from the Store at the time of Neifert's fall, Landis remembered that there was "a freezing rain event" that morning, which caused "icy conditions everywhere." N.T., 7/28/16, at 22, 24.

Following a hearing on Defendants' Motion for Summary Judgment on November 7, 2016, the trial court entered an Order that same date granting the Motion and dismissing Neifert's Complaint, with prejudice. Neifert timely filed a Notice of Appeal, after which the trial court ordered him to file a Pa.R.A.P. 1925(b) Concise Statement of errors complained of on appeal. Neifert timely filed a Concise Statement. The trial court then issued a Pa.R.A.P. 1925(a) Opinion. Therein, the trial court agreed with Defendants that the "hills and ridges" doctrine applied to this case and precluded recovery by Neifert.

Neifert now presents the following issues for our review:

1. Whether the trial court erred in granting Defendants' summary judgment [M]otion when there were disputed issues of material fact concerning the weather conditions/source of the icy patch at issue at the time of [Neifert's] fall?

2. Whether the trial court erred in granting Defendants' summary judgment [M]otion when there are disputed issues of material fact and [] Defendants had actual/constructive notice of the ice?

Brief for Appellant at 4.

"Our scope of review of a trial court's order granting or denying summary judgment is plenary[.]" *Krapf v. St. Luke's Hosp.*, 4 A.3d 642, 649 (Pa. Super. 2010). We may not disturb the order of the trial court unless it committed an error of law or abused its discretion. *Coleman v. Wyeth Pharms., Inc.*, 6 A.3d 502, 509 (Pa. Super. 2010).

> In evaluating the trial court's decision to enter summary judgment, we focus on the legal standard articulated in the

- 4 -

summary judgment rule. Pa.R.C.P. 1035.2. The rule states that where there is no genuine issue of material fact and the moving party is entitled to relief as a matter of law, summary judgment may be entered. … Failure of a non-moving party to adduce sufficient evidence on an issue essential to his case and on which he bears the burden of proof establishes the entitlement of the moving party to judgment as a matter of law. Lastly, we will review the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party.

*Id.* (citation omitted); *see also Lineberger v. Wyeth*, 894 A.2d 141, 146 (Pa. Super. 2006) (stating that "a record that supports summary judgment will either (1) show the material facts are undisputed[;] or (2) contain insufficient evidence of facts to make out a *prima facie* cause of action or defense and, therefore, there is no issue to be submitted to the jury."); *Overly v. Kass*, 554 A.2d 970, 972 (Pa. Super. 1989) (stating that a court ruling upon a motion for summary judgment must ignore controverted facts contained in the pleadings and restrict its review to material filed in support of and in opposition to a motion for summary judgment and to those allegations in pleadings that are uncontroverted).

For a party to prevail in a negligence action, a plaintiff must prove that the defendant "owed a duty of care to the plaintiff, that duty was breached, the breach resulted in the plaintiff's injury, and the plaintiff suffered an actual loss or damages." *Merlini ex rel. Merlini v. Gallitzin Water Auth.*, 980 A.2d 502, 506 (Pa. 2009). A land possessor is subject to liability for physical harm caused to an invitee only if the following conditions are satisfied:

> [the land possessor] knows of or reasonably should have known of the condition and the condition involves an unreasonable risk of harm, [the possessor] should expect that the invitee[s] will not realize it or will fail to protect themselves against it, and the [possessor] fails to exercise reasonable care to protect the invitees against the danger.

***Estate of Swift v. Ne. Hosp. of Phila.***, 690 A.2d 719, 722 (Pa. Super. 1997) (citation omitted).  Moreover, the "mere existence of a harmful condition in a public place of business, or the mere happening of an accident due to such a condition[,] is neither, in and of itself, evidence of a breach of the proprietor's duty of care to his invitees, nor raises a presumption of negligence."  ***Myers v. Penn Traffic Co.***, 606 A.2d 926, 928 (Pa. Super. 1992) (*en banc*) (citation omitted).

"There is no absolute duty on the part of a landowner to keep his premises and sidewalks free from snow and ice at all times.  These formations are natural phenomena incidental to our climate."  ***Rinaldi v. Levine***, 176 A.2d 623, 625 (Pa. 1962) (citation omitted).  Rather, "[i]t must appea[r] that there were dangerous conditions due to ridges or elevations which were allowed to remain for an unreasonable length of time, or were created by defendant[']s antecedent negligence."  ***Id.***  This Court has summarized the doctrine of "hills and ridges" as follows:

> The "hills and ridges" doctrine is a long standing and well entrenched legal principle that protects an owner or occupier of land from liability for *generally slippery conditions* resulting from ice and snow where the owner has not permitted the ice and snow to unreasonably accumulate in ridges or elevations.

* * *

- 6 -

> In order to recover for a fall on an ice or snow covered surface, []
> a plaintiff is required to prove: (1) that snow and ice had
> accumulated on the sidewalk in ridges or elevations of such size
> and character as to unreasonably obstruct travel and constitute a
> danger to pedestrians travelling thereon; (2) that the property
> owner had notice, either actual or constructive, of the existence of
> such condition; (3) that it was the dangerous accumulation of
> snow and ice which caused the plaintiff to fall.

*Morin v. Traveler's Rest Motel, Inc.*, 704 A.2d 1085, 1087, 1088 (Pa. Super. 1997) (emphasis added, citation and paragraph break omitted). Accordingly, "a prerequisite to the application of the 'hills and ridges' doctrine is a finding of generally slippery conditions[,] as opposed to isolated icy patches." *Id.*; *see also Tonik v. Apex Garages, Inc.*, 275 A.2d 296, 298 (Pa. 1971) (stating that "[p]roof of 'hills and ridges' is necessary only when it appears that the accident occurred at a time when general slippery conditions prevailed in the community[.]").

In his first issue, Neifert argues that the trial court committed legal error in entering summary judgment against him because there were disputed issues of material fact regarding (1) the weather conditions prior to Neifert's fall; and (2) the source of the ice upon which he fell. *See* Brief for Appellant at 9-14; *see also id.* at 13 (asserting that "[t]he trial court … made a factual conclusion regarding the weather conditions[,] when the record evidence contains material facts in dispute regarding same. Such a decision is reserved for a jury."). Neifert argues that, contrary to the trial court's finding, "there is no evidence of generally slippery conditions" existing in the

community on the date in question, and therefore, the hills and ridges doctrine does not insulate Defendants from liability. *Id.* at 13. According to Neifert,

> each witness testified [in depositions] as to different weather conditions [on the date of the incident,] and not one witness was able to reference any temporal nexus needed to show that there were [generally] slippery conditions at the time of the incident, that the isolated patch at issue was caused by a recent weather event[,] or why there w[ere] no icy conditions on other parts of the [parking lot] – all dispositive issues for Defendants to be successful with their argument.

*Id.* at 9-10; *see also id.* at 10-12, 14 (pointing to the deposition testimony of Correll, Pisarra, Bernheiser and Moyer, and asserting that these witnesses gave different accounts regarding the weather conditions on the day of Neifert's fall);[6] *id.* at 13 (noting Neifert's deposition testimony that, although he did not remember the weather conditions on the day of his fall, he would not have driven his "rollback truck" had the weather been icy that day, due to the vehicle's poor performance in such conditions, which, Defendants urge, "corrobotate[s] that there were no slippery conditions [on] the morning of the fall.").

We have reviewed the relevant testimony of the witnesses to which Neifert points, *see id.* at 10-14, in support of his claim that there was a

---

[6] We observe that the citations to the Reproduced Record that Neifert sets forth in his brief do not correspond with the testimony to which he refers, which significantly complicates our review.

factual dispute as to whether generally slippery conditions existed in the community on the day of his fall. The record evidence, viewed in a light most favorable to Neifert, supports the trial court's following analysis of this matter:

> No one disputes the fact that some kind of precipitation occurred in the morning of December 7, 2012. Some witnesses described it as icy rain, and others called it a light mist; however, no one controverted the fact that the precipitation froze when it hit the ground. The pertinent issue is the state of the parking lot, not the exact state of the precipitation. No one disputes that it had been raining. Therefore, the state of the precipitation is not a material fact because it is quite clear that the general community experienced icy conditions.

Trial Court Opinion, 1/9/17, at 4-5. Viewing the uncontroverted record evidence in the light most favorable to Neifert, we conclude that there is no genuine dispute that Neifert's fall occurred at a time when general slippery conditions prevailed in the community.

Moreover, contrary to Neifert's claim, there was also no testimony or evidence presented that Neifert fell on a specific localized patch of ice. In addressing this claim, the trial court stated as follows:

> [Neifert] next argues that [the trial] court erred in granting [D]efendants' summary judgment [M]otion because [Neifert] fell on an isolated patch of ice, thus, negating the "hills and ridges" doctrine. … [Neifert] misconstrues the applicability of the doctrine of hills and ridges. It is applicable where ice is the result of a natural accumulation and there are general slippery conditions in the community. It does not maintain that the whole property must be one big sheet of ice. Furthermore, [] in the instant case, there had to have existed more than one small isolated patch of ice because [] Moyer saw people sliding elsewhere on the [parking] lot. Water freezes at 32 degrees Fahrenheit. It was raining, and the water froze on the ground.

Trial Court Opinion, 1/9/17, at 5 (paragraph break omitted); **see also** N.T. (Neifert deposition), 9/9/15, at 75, 80-81 (wherein Neifert stated that he did not remember anything on the day of his injury, including the condition of the parking lot or the slippery condition that caused him to fall). Viewing the evidence in the light most favorable to Neifert, we agree with the trial court's determination that there is no genuine factual dispute in this regard.

Finally, the trial court correctly found that the uncontradicted facts show that Neifert failed to produce any evidence that ice had accumulated on the parking lot in ridges or elevations that unreasonably obstructed his travel and constituted a danger. **See** Trial Court Opinion, 1/9/17, at 7; **see also Wilson v. Howard Johnson Rest.**, 219 A.2d 676, 678 (Pa. 1966) (where the plaintiff truck driver had slipped on a sheet of smooth, wet ice in the parking lot of defendant restaurant, holding that defendant was insulated from liability by the hills and ridges doctrine, where the plaintiff's own testimony established that "the cause of his fall was wet, slippery ice, devoid of any obstructions or ridges or elevations allowed to remain for an unreasonable length of time").

In his second issue, Neifert contends that the trial court erred in entering summary judgment against him, where there existed a genuine issue of material fact as to whether Defendants had actual and/or constructive notice of the icy condition upon which he fell. Brief for Appellant at 16, 19; **see also Morin**, **supra** (stating that, in order to recover for a fall on an ice-

or snow-covered surface, a plaintiff must prove that the property owner had actual or constructive notice of the existence of such condition). Neifert asserts that "the testimony confirms that the icy conditions would have existed for several hours before [Neifert] fell; that [the Store] employees would have walked through the parking lot before [Neifert's] fall[;] and[,] as such, Defendants had actual or constructive notice of the [dangerous] condition." Brief for Appellant at 19. According to Neifert,

> [v]iewing the facts in a light most favorable to [Neifert] as the non-moving party, if there were general icy conditions, as [] Defendants are arguing, then [] Defendants removed that ice from other parts of [the parking lot,] with the exception of the [area in which Neifert] f[e]ll. Or the ice at issue came from something other than precipitation. Either way, it is an issue of fact for the jury to decide, not the trial court[.]

*Id.* at 18.

> In its Opinion, the trial court addressed Neifert's claim as follows:

> There is absolutely no evidence that [D]efendants knew about the slippery conditions prior to [Neifert's] accident. Moreover, even [Neifert] had not realized that the [parking] lot was icy[, *i.e.,* when he had traversed it to enter the Store to purchase his tea]. Presumably, he entered and exited [the] Store on the same general path. He had no trouble traveling to the Store. The ice evidently developed rather rapidly between the time of [Neifert's] arrival and departure.

Trial Court Opinion, 1/9/17, at 6; **see also id.** at 7 (stating that "[n]o one ever told [Pisarra,] who was working at the time [of Neifert's fall,] that the [parking] lot was icy. It had not been icy when [Pisarra] had arrived [at the Store] approximately thirty minutes earlier."); *id.* (finding that "[D]efendants acted within a reasonable time after receiving notice of [the] condition [of the

parking lot]. The formation of the ice, [Neifert's] fall, [the Store's] knowledge of the accident, and the ice removal[,] occurred within thirty minutes").

Our review discloses that the trial court's above analysis is supported by the uncontroverted facts of record, and we agree with its determination that there is no disputed issue of material fact in this regard. *See id.* at 6, 7; *see also Estate of Swift*, 690 A.2d at 722 (holding that, although the plaintiffs/appellants had presented evidence that the decedent's fall was caused by water on the floor, the plaintiffs/appellants could not establish a breach of duty because they failed to produce evidence showing that the defendant hospital had notice of the condition, how the water arrived on the floor, and how long the condition existed; thus, summary judgment was proper). Moreover, viewing the record evidence in the light most favorable to Neifert, there is no support for his controverted supposition that "Defendants [had] removed [] ice from other parts of [the parking lot,] with the exception of the [area in which Neifert fell, o]r the ice at issue came from something other than precipitation." Brief for Appellant at 18; *see also Overly*, *supra*. Finally, Neifert failed to adduce any evidence to substantiate his claim that the ice that formed on the parking lot was caused by a source other than the precipitation that fell on the morning of December 7, 2012, which all of the witnesses attested to.

Based upon the foregoing, we conclude that the trial court properly applied the hills and ridges doctrine and granted Defendants' Motion for Summary Judgment.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/14/2017