J-A14031-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

THERESA SEIBERT AND GLENN SEIBERT, H/W    :   IN THE SUPERIOR COURT OF
    :   PENNSYLVANIA
    :
       Appellants    :
    :
      v.    :
    :
JEANNE COKER    :
    :
       Appellee    :   No. 191 EDA 2018

Appeal from the Order Entered December 11, 2017
in the Court of Common Pleas of Bucks County
Civil Division at No.:  2015-03045

BEFORE:   GANTMAN, P.J., SHOGAN, J., and PLATT*, J.

MEMORANDUM BY PLATT, J.:        **FILED OCTOBER 15, 2018**

Plaintiffs/Appellants, Theresa Seibert and Glenn Seibert, husband and wife, appeal from the order granting summary judgment in favor of defendant/Appellee, Jeanne Coker, in this slip-and-fall premises liability case. Appellants chiefly maintain that there were questions of fact which should have been decided by a jury.  We affirm.

We derive the facts of the case from the trial court opinion and our independent review of the available record.  (**See** Trial Court Opinion, 2/06/18, at 1-2).  We view the evidence of record in the light most favorable to Appellants as the non-moving parties in the motion for summary judgment.

On February 6, 2014, Appellant Theresa Seibert, a physical therapist employed by Holy Redeemer Hospital, slipped and fell on an isolated patch of

_____

* Retired Senior Judge assigned to the Superior Court.

black ice as she was departing from a forty-five minute home visit to Appellee.[1] Theresa did not tell Appellee that she believed she had fallen on black ice. (**See id.** at 1 (citing N.T. Deposition of Theresa Seibert, 6/08/16, at 92)). She was seriously injured.[2]

Appellants brought suit against Appellee for negligence. The trial court granted summary judgment in favor of Appellee. Appellants maintain that, among numerous questions of material fact which they claim the trial court should have left for a jury to decide, there was an issue as to whether Appellee had constructive notice of the icy condition. (**See** Appellants' Brief, at 8, 11-12).

Of special note for the first issue in this appeal, Appellants originally claimed that Appellee violated a duty of care by permitting the accumulation of hills and ridges of ice or snow in her driveway area. (**See** Civil Action [Complaint], 4/21/15 at ¶ 8). Appellants changed their minds, however, and at least by the time of their response to the motion for summary judgment,

---

[1] There is no dispute that the weather conditions that week were extremely cold, indeed sub-freezing, but there had been no snow or rain for the twenty-six hours preceding the incident.

[2] Appellant Theresa reports she is now totally disabled and has undergone three surgeries. (**See** Appellants' Brief, at 5). Her medical expenses and wages have been paid through worker's compensation benefits with Holy Redeemer Hospital. (**See id.**). Co-Appellant Glenn claims loss of consortium. (**See** Civil Action, at ¶ 18).

they maintained that Appellee's driveway and the surrounding area were generally free of any accumulation of snow or ice and, therefore, the "Hills and Ridges" doctrine did not apply in this case. (*See* Plaintiffs' Response to Defendant's Motion for Summary Judgment, 4/07/17, at ¶¶ 2, 37-39).

As already noted, the trial court granted summary judgment for the defendant/Appellee, in an order dated December 11, 2017 and filed on December 14, 2017. Appellants timely appealed.[3]

Appellants present three overlapping questions for our review:

> 1. Did the trial court commit an error of law and/or abuse its discretion in applying the hills and ridges doctrine, when there was no evidence in the case demonstrating that the community in the area in question was under generally slippery conditions, and where the fall occurred due to an isolated patch of ice?
>
> 2. Did the trial court commit an error of law and/or abuse its discretion in taking away from a jury the question of whether or not constructive notice could be imposed upon a defendant property owner, when disputed material questions of fact remain as to whether the defendant should have known of the condition in question?
>
> 3. Did the trial court commit an error of law and/or abuse its discretion in deciding a contested material question of fact that the admissions of the plaintiff regarding the ice formation in question that allegedly caused her fall, suggested that the black ice in question only formed during the 45 minutes she was inside of defendant's home, thereby concluding that a jury could not reasonably infer that defendant had constructive notice of the condition prior to the accident?

---

[3] Appellants filed a court-ordered statement of errors on January 25, 2018. The trial court filed an opinion on February 6, 2018. *See* Pa.R.A.P. 1925. It bears noting that in their Rule 1925(b) statement of errors, Appellants presented thirteen allegations of error. (*See* Plaintiffs' Concise Statement of Errors, 1/25/18, at unnumbered pages 1-3).

(Appellants' Brief, at 4).

Preliminarily, we observe that counsel for Appellants raises three nominal questions but fails to divide the argument portion of the brief into corresponding separate sections. (*See id.* at 4). Instead, the brief presents an undifferentiated, occasionally meandering, and frequently repetitive argument, which only randomly corresponds to the questions presented. (*See id.* at 9-22).[4]

This substantially fails to conform to Pa.R.A.P. 2116 and 2119, and hampers our review. We could quash or dismiss this appeal for failure to conform to the requirements of our rules. *See* Pa.R.A.P. 2101. Nonetheless, in the interest of justice and judicial economy, we will address the arguments that can reasonably be discerned from this defective brief. *See* ***Commonwealth v. Lyons***, 833 A.2d 245, 252 (Pa. Super. 2003), *appeal denied*, 879 A.2d 782 (Pa. 2005) (addressing evident arguments in *pro se* appellant's defective brief).

The legal principles applicable to Appellants' claims are well-settled:

"Our scope of review of a trial court's order granting or denying summary judgment is plenary[.]" ***Krapf v. St. Luke's Hosp.***, 4 A.3d 642,

---

[4] We note that the trial court eschewed a point-by-point analysis of Appellants' thirteen asserted errors, many of which are vague and repetitive, in favor of a direct explanation of the reasons for its decision. (*See* Trial Ct. Op., at 4). We deem the balance of Appellants' asserted errors to be abandoned on appeal.

649 (Pa. Super. 2010), *appeal denied*, 34 A.3d 831 (Pa. 2011) (citation omitted).

> A reviewing court may disturb the order of the trial court only where it is established that the court committed an error of law or abused its discretion. As with all questions of law, our review is plenary.
>
> In evaluating the trial court's decision to enter summary judgment, we focus on the legal standard articulated in the summary judgment rule. Pa.R.C.P. 1035.2. The rule states that where there is no genuine issue of material fact and the moving party is entitled to relief as a matter of law, summary judgment may be entered. **Where the non-moving party bears the burden of proof on an issue, he may not merely rely on his pleadings or answers in order to survive summary judgment. Failure of a non-moving party to adduce sufficient evidence on an issue essential to his case and on which he bears the burden of proof establishes the entitlement of the moving party to judgment as a matter of law.** Lastly, we will review the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party.

*Coleman v. Wyeth Pharm., Inc.*, 6 A.3d 502, 509 (Pa. Super. 2010), *appeal denied*, 24 A.3d 361 (Pa. 2011) (citations omitted, emphasis added); *accord*, *Murphy v. Duquesne Univ. Of The Holy Ghost*, 777 A.2d 418, 429 (Pa. 2001) ("Failure of a non-moving party to adduce sufficient evidence on an issue essential to his case and on which it bears the burden of proof . . . . establishes the entitlement of the moving party to judgment as a matter of law.") (citation omitted); *see also Lineberger v. Wyeth*, 894 A.2d 141, 146 (Pa. Super. 2006) (stating that "a record that supports summary judgment will either (1) show the material facts are undisputed[;] or (2) contain

insufficient evidence of facts to make out a *prima facie* cause of action or defense and, therefore, there is no issue to be submitted to the jury.") (citation omitted); **Overly v. Kass**, 554 A.2d 970, 972 (Pa. Super. 1989) (stating that court ruling on motion for summary judgment must ignore controverted facts contained in pleadings and restrict review to material filed in support of and in opposition to motion for summary judgment and to those allegations in pleadings that are uncontroverted).

For a party to prevail in a negligence action, a plaintiff must prove that the defendant "owed a duty of care to the plaintiff, that duty was breached, the breach resulted in the plaintiff's injury, and the plaintiff suffered an actual loss or damages." **Merlini ex rel. Merlini v. Gallitzin Water Auth.**, 980 A.2d 502, 506 (Pa. 2009) (citation omitted).

A land possessor is subject to liability for physical harm caused to an invitee only if the following conditions are satisfied:

> [the land possessor] knows of or reasonably should have known of the condition and the condition involves an unreasonable risk of harm, [the possessor] should expect that the invitee[s] will not realize it or will fail to protect themselves against it, and the [possessor] fails to exercise reasonable care to protect the invitees against the danger.

**Estate of Swift v. Ne. Hosp. of Phila.**, 690 A.2d 719, 722 (Pa. Super. 1997), *appeal denied*, 701 A.2d 577 (Pa. 1997) (citation omitted).

Moreover, the "mere existence of a harmful condition in a public place of business, or the mere happening of an accident due to such a condition[,] is neither, in and of itself, evidence of a breach of the proprietor's duty of care

to his invitees, nor raises a presumption of negligence." ***Myers v. Penn Traffic Co.***, 606 A.2d 926, 928 (Pa. Super. 1992) (*en banc*), *appeal denied*, 620 A.2d 491 (Pa. 1993) (citation omitted).

In their first claim, Appellants challenge the trial court's application of the hills and ridges doctrine (which Appellants first raised in their own complaint). Appellants now maintain that a prerequisite to the application of the hills and ridges doctrine is a finding of generally slippery conditions, as opposed to isolated icy patches. (***See*** Appellants' Brief, at 9). Based on controlling authority, we agree.

On appeal, the trial court reasons that summary judgment was proper because Appellants failed to establish the first element under the hills and ridges doctrine, that snow or ice had accumulated in an amount which unreasonably obstructed travel and constituted a danger to pedestrians. (***See*** Trial Ct. Op., at 6). On independent review, we are constrained to conclude that this requirement does not apply to the instant case.

This Court has summarized the hills and ridges doctrine as follows:

> The "hills and ridges" doctrine is a long standing and well entrenched legal principle that protects an owner or occupier of land from liability for **generally slippery conditions** resulting from ice and snow where the owner has not permitted the ice and snow to unreasonably accumulate in ridges or elevations.
>
> \* \* \*
>
> In order to recover for a fall on an ice or snow covered surface, [ ] a plaintiff is required to prove: (1) that snow and ice had accumulated on the sidewalk in ridges or elevations of such size and character as to unreasonably

obstruct travel and constitute a danger to pedestrians travelling thereon; (2) that the property owner had notice, either actual or constructive, of the existence of such condition; (3) that it was the dangerous accumulation of snow and ice which caused the plaintiff to fall.

*Morin v. Traveler's Rest Motel, Inc.*, 704 A.2d 1085, 1087-88 (Pa. Super. 1997), *appeal denied*, 723 A.2d 1025 (Pa. 1998) (emphasis added, citation and paragraph break omitted). "The rationale for this doctrine has been explained as follows: . . . to require that one's walks be always free of ice and snow would be to impose **an impossible burden in view of the climatic conditions in this hemisphere**." *Id.* (emphasis added) (citation omitted).

Similarly, "[t]here is no absolute duty on the part of a landowner to keep his premises and sidewalks free from snow and ice at all times. These formations are natural phenomena incidental to our climate." *Rinaldi v. Levine*, 176 A.2d 623, 625 (Pa. 1962) (collecting cases). Rather, "[i]t must appear that there were dangerous conditions due to ridges or elevations which were allowed to remain for an unreasonable length of time, or were created by defendant's antecedent negligence." *Id.* (citations omitted).

Accordingly, a prerequisite to the application of the "hills and ridges" doctrine is a finding of generally slippery conditions, as opposed to isolated icy patches. *See Tonik v. Apex Garages, Inc.*, 275 A.2d 296, 298 (Pa. 1971) (stating that "[p]roof of 'hills and ridges' is necessary only when it appears that the accident occurred at a time when general slippery conditions prevailed in the community[.]").

An exception to the "hills and ridges" doctrine exists, however, where the plaintiff can prove "the hazard is not the result of a general slippery condition prevailing in the community, but of a localized patch of ice." *Bacsick v. Barnes*, 341 A.2d 157, 160 (Pa. Super. 1975) (citations omitted). Nevertheless, when proof of hills and ridges is not required, a plaintiff must still prove that the defendant landowner had actual or constructive notice of the hazardous condition. *See id.*

Because Appellants' second and third claims both address constructive notice, we address them together.

> What will amount to constructive notice of a defective or dangerous condition existing upon a defendant's premises, necessarily varies under the circumstances of each case. Some of the factors affecting the question, in addition to the time elapsing between the origin of the defect and the accident, are the size and physical condition of the premises, the nature of the business conducted thereon, the number of persons using the premises and the frequency of such use, the nature of the defect and its location on the premises, its probable cause and the opportunity which defendant, as a reasonably prudent person, had to remedy it.

*Lanni v. Pennsylvania R. Co.*, 88 A.2d 887, 889 (Pa. 1952) (holding, where central issue was whether railroad had constructive notice of dangerous condition on its premises, that evidence was not sufficient to take case to jury) (citation omitted).

Here, Appellants fail to produce evidence in support of their claim of constructive notice of the patch of ice, merely asserting, repeatedly, that the

issue should have gone to the jury. (*See* Appellant's Brief, at 11, 12, 15, 18). We disagree.

Both Appellee and Appellant Theresa Seibert denied seeing any patch of ice prior to the fall.[5] No witness testified to seeing the patch of ice prior to Appellant's fall. Appellants offered no evidence regarding the length of time the patch of ice had been in the driveway. Likewise, no evidence suggested a history of ice forming in that particular location due to any kind of irregularity.

Thus, the record is devoid of evidence that the ice, which we assume existed, for the sake of our review, was visible or had a source other than the most recent precipitation. There was no other evidence to support a claim of constructive notice. Accordingly, Appellants have failed to adduce sufficient evidence to avoid summary judgment.

> Where the non-moving party bears the burden of proof on an issue, he may not merely rely on his pleadings or answers in order to survive summary judgment. Failure of a non-moving party to adduce sufficient evidence on an issue essential to his case and on which he bears the burden of proof establishes the entitlement of the moving party to judgment as a matter of law.

*Coleman*, *supra* at 509 (citation omitted); *accord*, *Murphy*, *supra* at 429 ("Failure of a non-moving party to adduce sufficient evidence on an issue essential to his case and on which it (sic) bears the burden of proof . . .

---

[5] Appellee also testified that a previous visitor the day of the accident found no ice either.

establishes the entitlement of the moving party to judgment as a matter of law.") (citation omitted); **see also Lineberger**, **supra** at 146 (summary judgment warranted if record contains insufficient evidence of facts to make out *prima facie* cause of action, leaving no issue to submit to jury).

"Although our reasoning differs somewhat from that of the trial court, we may affirm on any basis provided that the court's decision is legally correct." **Ramalingam v. Keller Williams Realty Grp., Inc.**, 121 A.3d 1034, 1049 (Pa. Super. 2015) (citation omitted).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>10/15/18</u>