# Niemiec *v.* Allegheny County Port Authority et al., Appellants.

436

Argued November 17, 1972. Before WRIGHT, P. J., JACOBS, HOFFMAN, SPAULDING, CERCONE, and PACKEL, JJ. (WATKINS, J., absent.)

*R. Audrachi,* with him *Con F. McGregor,* and *Mc-Gregor, Dunn & Holland,* for Port Authority of Allegheny County, appellant.

*Thomas S. White,* Assistant City Solicitor, with him *Ralph Lynch, Jr.,* City Solicitor, for City of Pittsburgh, appellant.

*Raymond Radakovich,* with him *Alan Frank,* for appellee.

OPINION BY PACKEL, J., March 27, 1973:

The appellee disregarded a posted notice, "Bridge *Closed* to all *Pedestrians*", just as he and many others had done almost daily for ten years. Only this time the appellee did not reach the other side. He fell thirty-five feet through the public walkway when he stepped over a hole created by a missing board onto a rotten or loose board.

The appellee sued the Port Authority, the owner of the trolley bridge, for the injuries resulting from his fall. The Port Authority then joined the City as an additional defendant, claiming that it was solely liable because it had contracted with the Port Authority to use and maintain the walkway as a public throughway. The jury returned a verdict for the appellee in the amount of $8,900 against both appellants. Both appellants sought judgment n.o.v. on the ground that the appellee was contributorily negligent as a matter of law. They are appealing the denial of this motion. Appellant Port Authority is also appealing the judge's re-

fusal to charge the jury on the City's liability over to the Port Authority.

The burden on the appellants, seeking to overturn a jury verdict is great. "[I]n considering a motion for entry of judgment against the verdict winner, the latter is entitled to the benefit of every favorable fact and inference fairly deducible therefrom." *Holton v. Gibson,* 402 Pa. 37, 42, 166 A. 2d 4, 7 (1960). The burden is increased because "... contributory negligence as a matter of law should be declared only in a very clear case and only where the evidence of such is so clear and palpable that there is no room for fair and sensible men to differ in their conclusions as to its existence." *Dougherty v. Philadelphia Nat'l Bank,* 408 Pa. 342, 344, 184 A. 2d 238, 239 (1962).

The question the jury was called upon to decide was whether a reasonable man under all the attendant circumstances would have used the walkway. The appellee, a sixty-five year old man, was aware that the trolley bridge was in need of repair from time to time. He and others had called the Port Authority on occasion to have repairs made. Appellee had replaced two missing boards on the walkway earlier that day during a previous trip across the bridge. The appellee used the bridge almost daily as did many others but he did not use the bridge when barricades were up. When the appellee did use the bridge he used care to avoid the holes, but he did not expect boards to give out underneath him. There was testimony that the condition of the boards was not readily visible to a passerby.

Although the sign had been up for many years, the City had not taken any permanent precautions to prevent public use of the bridge. City personnel were aware that the barricades which were erected were torn down shortly thereafter and that the public continued

to use the walkway. Indeed, the City had made repairs to the walkway while it was theoretically closed.

One other factor which the jury had to include in its determination was the existence of alternative routes available to the appellee. As stated in Comment b. to §473 of the Restatement, 2d, of Torts p. 523: "Among other considerations to be taken into account is the existence of an alternative method by which the right or privilege could be exercised and the inconvenience and risk involved in its use. There is a point at which a highway may become so dangerous that a citizen should not use it if there is an alternative route, although he might use it if there were no other way. As the alternative route becomes less convenient and more circuitous, and particularly when it itself is dangerous, the plaintiff may without negligence use a highway in a proportionately serious state of disrepair." The appellee testified that when barricades blocked the walkway he would have to go down and up a long hill and that he would be breathing heavily by the time he reached the other side.

The jury was properly instructed on all the factors it should consider. We cannot say that as a matter of law fair and sensible men could not differ as to whether appellee was negligent in using the bridge.

The Port Authority claims that the judge should have charged the jury on the City's liability over to it because of the contract provision that the City would indemnify it against all liability arising from the use of the footwalk. Pa. R. C. P. 2255 provides that: "(a) The procedure, including pleadings, between the party joining an additional defendant and the additional defendant shall be the same as though the party joining the additional defendant were a plaintiff and the additional defendant were a defendant." The Port Authority could have raised the issue of the City's lia-

bility over in the complaint it filed against the additional defendant but it alleged only that the City "is solely liable." Since the Port Authority's complaint did not include a claim regarding the liability between the two defendants, that issue was never before the court. The City was not put on notice that it had to defend against the Port Authority's contractual claim as well as against that of the plaintiff. The lower court therefore properly refused to charge the jury as requested.

Judgment affirmed.

———

OPINION PER CURIAM, March 27, 1973:

The foregoing opinion was prepared by Judge PACKEL prior to his resignation. It is now adopted and filed as the opinion of the Court.

WRIGHT, P. J., dissents.