## Bacsick et vir, Appellants, *v.* Barnes et al.

618

Argued March 19, 1975. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*James S. Palermo,* for appellants.

*Anthony J. Ciotola,* with him *Louis G. Feldmann,* and *Feldmann and Ciotola,* for Donald Barnes, appellee.

*B. Todd Maguire,* with him *Harris, Johnston & Maguire,* for Genetti's Supermarkets, Inc., appellee.

*James F. Geddes, Jr.,* for City of Hazleton, appellee.

OPINION BY HOFFMAN, J., June 24, 1975:

Appellants contend that the lower court erred in granting judgment n.o.v. in favor of appellees Genetti's Supermarkets, Inc., and the City of Hazleton. In addition, appellants ask that a new trial be granted on the issue of damages only.

On Tuesday, January 13, 1970, at approximately 7 p.m., appellant Anna Bacsick left her home, at 710 Roosevelt Street in Hazleton, to take a bundle of laundry to a laundromat located behind Genetti's Supermarket on Fifteenth Street. About 12 to 15 inches of snow had fallen approximately two days earlier. Although some property owners had cleared paths along the sidewalks for pedestrians, others had not, and Mrs. Bacsick was forced to walk in the street. As a result of the snowfall and the plowing of Fifteenth Street by state and city highway crews, a bank of snow approximately three feet high had been deposited along the roadward edge of the sidewalk in front of the property owned by appellee Genetti's. When Mrs. Bacsick reached the intersection of Fifteenth and Roosevelt Streets, near Genetti's Supermarket, she was forced to walk in the street, in a path

or ledge in the snow which had been used by pedestrians, approximately one foot out from the sidewalk, because the sidewalk had been made inaccessible by the snow bank. While walking along this path, Mrs. Bacsick was struck by a car being driven by appellee Donald Barnes. At trial, there was a conflict of testimony as to whether Barnes, who was driving at approximately eight to ten miles per hour, struck Mrs. Bacsick, or whether Mrs. Bacsick slipped and fell into the path of his car. As a result of the accident, Mrs. Bacsick suffered a fractured right femur and had to spend ten weeks with her leg in traction; she also suffered a permanent shortening of her right leg by three-eighths of an inch.

Appellants, Mr. and Mrs. Bacsick, brought suit against Barnes, the driver of the car which struck Mrs. Bacsick, and Genetti's Supermarkets, the owner of the property adjoining the point where the accident occurred. Barnes joined appellee, the City of Hazleton as an additional defendant.[1] The jury, by special verdict, found Mrs. Bacsick free of contributory negligence and Barnes free of negligence. The jury found that appellees Genetti's Supermarket and the City of Hazleton had been negligent, and awarded damages of $5,000 to Mr. Bacsick and $18,500 to Mrs. Bacsick, broken down to include $1,000 for pain and suffering, $16,500 for lost earnings, and $1,000 for permanent disfigurement. Appellees Genetti's Supermarket and the City of Hazleton moved for judgment n.o.v.; this motion was granted by the lower court. Appellants' motion for a new trial limited to damages was denied. This appeal followed.

The lower court based its grant of judgment n.o.v. on two grounds. First, it held that appellants had not estab-

---

1. Note that "[a] municipality is only secondarily liable for an injury due to an icy and dangerous *sidewalk*. It is the property owner who is *primarily* liable for the removal of ice and snow upon the *sidewalk*." *Solinsky v. Wilkes-Barre*, 375 Pa. 87, 93, 99 A.2d 570, 573 (1953).

lished the existence of ridges or elevations of ice and snow which had been allowed to remain for an unreasonable length of time, but only a general slippery condition which was insufficient to impose liability on the appellees. In addition, it held that Mrs. Bacsick had been testing a known danger, and was therefore contributorily negligent as a matter of law.

In Pennsylvania, as a general rule " '[t]here is no liability created by a general slippery condition on sidewalks. It must appear that there were dangerous conditions due to ridges or elevations which were allowed to remain for an unreasonable length of time, or were created by defendant's antecedent negligence.' " *Rinaldi v. Levine,* 406 Pa. 74, 78, 176 A.2d 623, 625 (1962), quoting *Whitton v. H. A. Gable Co.,* 331 Pa. 429, 431, 200 A. 644 (1938).

Nevertheless, this general "hills and ridges" rule is subject to a number of significant exceptions. Thus, proof of hills and ridges is not required when the hazard is not the result of a general slippery condition prevailing in the community, but of a localized patch of ice. *Tonik v. Apex Garages, Inc.,* 442 Pa. 373, 275 A.2d 296 (1971); *Williams v. Shultz,* 429 Pa. 429, 240 A.2d 812 (1968). Nor is proof of hills and ridges required when an icy condition is caused by the defendant's neglect, as where a city maintains a defective hydrant, water pipe, drain, or spigot. *Ward v. Pittsburgh,* 353 Pa. 156, 44 A.2d 553 (1945).

It appears that the "hills and ridges" doctrine may be applied only in cases where the snow and ice complained of are the result of an entirely natural accumulation, following a recent snowfall. Thus, the rule of *Rinaldi v. Levine,* supra, is predicated on the assumption that " '[t]hese formations are *natural phenomena* incidental to our climate.' " *Rinaldi v. Levine,* supra, at 78, 176 A.2d at 625, quoting *Whitton v. H. A. Gable Co.,* supra, at 431, 200 A. at 645 (emphasis supplied). In the instant

case, evidence was received tending to prove that the snow bank which blocked Mrs. Bacsick's access to the sidewalk was, in large part, of artificial origin; it was apparently deposited as the result of the plowing of the street by the city and state snow plows.

In the instant case, although proof of hills and ridges was not required, it was still necessary for the appellants to prove that appellees Genetti's and the City of Hazleton had actual or constructive notice of the existence of the snow bank giving rise to the hazard. *Williams v. Shultz,* supra. First, we note that testimony indicated that a heavy snowfall had taken place on Sunday, January 11, 1970, two days before the accident. Neither party could therefore claim that it lacked constructive notice of the original snowy condition of the street and sidewalk. In addition, testimony indicated that the snow bank lining the sidewalk appeared to be the result, at least in part, of plowing. The appellee Barnes testified that he observed both city and state snow plows clearing Fifteenth Street on Sunday, the day of the snowfall; on Monday; and on Tuesday, the day of the accident. He also testified that the plows pushed snow onto the sidewalk abutting Genetti's. The jury might therefore have inferred that the perilous snow bank came into existence on Sunday or Monday, and that the City of Hazleton, through its employees, who were engaged in clearing the streets, received notice of that hazard at some time preceding the accident. As it appears that Genetti's never cleared a path along the entire abutting sidewalk, the jury might also have believed that employees of the City might reasonably have noticed on the day of the accident, or one of the two preceding days, that no such path had been cleared.

Appellee Genetti's notice of the snowy condition of the sidewalk and berm of the road may be inferred from the fact that it apparently took steps to remove part of the snow, that which blocked the entrance and exit to its

parking lot, while allowing much of the sidewalk to remain blocked.

The appellees also contend that the appellants failed to establish that the snow bank was the proximate cause of the accident. With regard to factual causation, the jury may have credited Mrs. Bacsick's testimony that in the absence of the accumulation of snow, she would not have walked along the street, and therefore found that the elevation was a cause in fact of the accident. Appellees argue that, even if the snow bank was a factual cause of the accident, *DeLuca v. Manchester Laundry & Dry Cleaning Co.*, 380 Pa. 484, 112 A.2d 372 (1955), requires us to hold that the obstruction of the sidewalk was not the proximate cause of Mrs. Bacsick's injuries. *DeLuca* held that "[e]xcept under unusual circumstances there is certainly no particular 'peril' encountered by an *adult* person in walking into the roadway of a street . . ." 380 Pa. at 489, 112 A.2d at 375 (footnote omitted). In the instant case, however, the street in question was heavily covered with snow and surrounded by high snow banks, with vehicular traffic proceeding in snowy ruts, thus establishing unusual circumstances. Moreover, *DeLuca* relied on the "passive background" theory of proximate cause, which was rejected by our Supreme Court in *Flickinger Estate v. Ritsky*, 452 Pa. 69, 305 A.2d 40 (1973). Thus, the lower court erred in ruling that appellants had introduced insufficient evidence to establish negligence on the part of appellees Genetti's and the City of Hazleton.[2]

---

2. Appellants also contend that the lower court erred in ruling that Hazleton City Ordinance 26-11, requiring property owners to remove ice and snow within six hours after the snow storm, did not establish a standard of conduct for the benefit of appellants. The lower court merely instructed the jury as to the ordinance as one item of evidence relating to negligence. This action was apparently correct. "The introduction of the ordinance as evidence was properly allowed, but standing alone without proof

With regard to the lower court's second ground for granting judgment n.o.v., we cannot agree that Mrs. Bacsick was contributorily negligent as a matter of law. In *Schoen v. Youshock*, 202 Pa. Superior Ct. 460, 198 A.2d 437 (1964), relied on by the court below, the appellee walked along the sidewalks when "the condition of the general area at that time was that of a glaze of ice and . . . there was a freezing rain that morning which was continuing" until after the time of the accident. 202 Pa. Superior Ct. at 462-463, 198 A.2d at 438. Such a general slippery condition, in the absence of ridges or elevations, would have been insufficient to place liability on the appellant in any event, and our Court's statement as to contributory negligence was therefore at most an alternate holding. Thus, the appellee in *Schoen v. Youshock* was contributorily negligent for walking along the sidewalk during weather conditions so severe that the abutting property owners could not even have had an opportunity to clear their sidewalks. In the instant case, on the other hand, some of the sidewalks had been cleared; indeed, even parts of appellee Genetti's sidewalk had been cleared.

"[C]ontributory negligence as a matter of law should be declared only in a very clear case and only where the evidence of such is so clear and palpable that there is no room for fair and sensible men to differ in their conclusions as to its existence." *Dougherty v. Philadelphia National Bank*, 408 Pa. 342, 344, 184 A.2d 238, 239 (1962), quoted in *Niemiec v. Allegheny County Port Authority*, 223 Pa. Superior Ct. 435, 438, 302 A.2d 439, 441 (1973). In *Niemiec*, we held that the appellee was not contributorily negligent for using a walkway on a bridge which he knew to be in need of repair from time

of negligence as being the proximate cause of the accident, the trial judge would not have been justified in submitting the case to the jury. . . ." *Sellers v. Cline*, 160 Pa. Superior Ct. 85, 87-88 (1946), affirming on the opinion of the court below.

to time, and which contained a number of perilous holes. We relied on the Restatement of Torts 2d, §473, which provides that "[i]f the defendant's negligence has made the plaintiff's exercise of a right or privilege impossible unless he exposes himself to a risk of bodily harm, the plaintiff is not guilty of contributory negligence in so doing unless he acts unreasonably." In the instant case, appellees' negligence in failing to maintain a clear sidewalk made Mrs. Bacsick's exercise of her right to walk along Fifteenth Street impossible without exposing herself to a risk of harm. Following *Niemiec,* we cannot say that appellant's conduct amounted to contributory negligence as a matter of law.

Finally, appellants contend that the lower court erred in not granting a new trial limited to damages. The jury awarded Mrs. Bacsick $16,500 for loss of earning power, the entire amount which she claimed as lost wages up to the date of trial. It also awarded Mr. Bacsick $5,000, $400 more than the amount of medical expenses which he claimed in connection with his wife's injuries. Nevertheless, the jury awarded Mrs. Bacsick a total of only $2,000 for pain and suffering and disfigurement. The Supreme Court has held that "a lower court may grant a new trial, limited to the issue of damages, *only* where (1) the question of liability is not intertwined with the question of damages, *and* (2) the issue of liability is either (a) not contested or (b) has been fairly determined so that no substantial complaint can be made with respect thereto." *Gagliano v. Ditzler,* 437 Pa. 230, 232-33, 263 A.2d 319, 320 (1970). In the instant case, the evidence was such that the jurors might easily have differed as to whether or not appellees Genetti's and the City of Hazleton were negligent in allowing the accumulation of snow to remain on or along part of the sidewalk, as to whether Mrs. Bacsick's act of walking along Fifteenth Street carrying a bundle amounted to contributory negligence, and as to whether the accident

occurred because Mrs. Bacsick slipped and fell into appellee Barnes' path, or because appellee Barnes ran her down. The lower court noted that "[i]t is clear that in view of wife-plaintiff's injuries, the verdict was a compromise." As our Supreme Court noted in *Black v. Ritchey*, 432 Pa. 366, 370, 248 A.2d 771, 773 (1968), quoting *Karcesky v. Laria*, 382 Pa. 227, 234, 114 A.2d 150, 154 (1955), " '[t]he doctrine of comparative negligence, or degrees of negligence, is not recognized by the Courts of Pennsylvania, but as a practical matter they are frequently taken into consideration by a jury. The net result, as every trial judge knows, is that in a large majority of negligence cases where the evidence of negligence is not clear, or where the question of contributory negligence is not free from doubt, the jury brings in a compromise verdict.' " "[W]here a substantial conflict exists on the question of liability, such that a low verdict might indicate that the jury compromised the liability issue with the amount of damages awarded, it is an abuse of discretion for the lower court to grant a new trial limited to the issue of damages." *Gagliano v. Ditzler*, supra, at 232, 263 A.2d at 320.[3]

Although the lower court erred in granting the appellees' motion for judgment n.o.v., it did not err in denying the appellants' motion for a new trial limited to damages.

The judgment of the lower court is reversed, and judgment entered on the verdict of the jury.

CERCONE, J., concurs in the result.

---

3. We note also that the total of $23,500 in damages awarded in this case could be characterized as substantial. See *Karcesky v. Laria*, supra.