[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT (#110)
The plaintiff, State Street Bank and Trust Co., instituted this action against the defendants, A. Paul LaChapele, II, and Alcide P. LaChapelle, to foreclose on a note and mortgage. In July 1990, the defendants promised by way of a note to pay to the order of Fleet Bank the sum of $83,400 with interest. To secure this note, the defendants mortgaged a parcel of land in Hartland, Connecticut. The note and mortgage were subsequently assigned by Fleet Bank to EMC Mortgage Corp, who subsequently assigned them to the plaintiff, State Street Bank and Trust Co., Trustee for EMC Trust 2 Series 1993-L2 Bondholders. The complaint alleges that the defendants have not paid the interest and principal due and that the entire balance on the note is presently due and owing. The plaintiff now seeks to foreclose the mortgage.
The defendants filed an answer and four special defenses. The first special defense alleges that the defendants offered to tender payment of the amount that EMC Mortgage Corporation indicated was due an owing, but that their payment was refused. This defense also alleges that the plaintiff failed to give notice to Paul LaChapelle of what amount would in fact satisfy the outstanding debt, and thus the defendants have been unable to finance the property. The second special defense alleges that the defendants violated the Federal Truth in Lending Act,15 U.S.C. § 1601, et seq., by failing to give notice of their cancellation and recision rights, and by failing to instruct the defendants that the note and mortgage were not part of a commercial transaction. This special defense further alleges that the defendants gave notice of their recision and that the plaintiff concealed from the defendants their right of recision. The third special defense alleges that the plaintiff failed to comply with the Federal Truth in Lending disclosure CT Page 10262 documentation. The fourth special defense alleges that the plaintiff does not have an interest in the note and mortgage being foreclosed.
The plaintiff now moves for summary judgment. In support of this motion, the plaintiff submitted affidavits and supporting documentation. The defendants timely filed a memorandum in opposition.
DISCUSSION
"Practice Book § 384 provides that `summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Water Way Properties v. Colt'sMfg. Co., 230 Conn. 660, 664, ___ A.2d ___ (1994). "When a motion for summary judgment is supported by affidavits and other documents, an adverse party, by affidavit or as other wise provided by [Practice Book] § 380, must set forth specific facts showing that there is a genuine issue for trial." Kakadelisv. DeFabritis, 191 Conn. 276, 280-281, 464 A.2d 57 (1983). "The party seeking summary judgment has the burden of showing the absence of any genuine issue as to all material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." Suarez v.Dickmont Plastics Corp. , 229 Conn. 99, 105, 639 A.2d 507 (1994).
The plaintiff argues that summary judgment is appropriate in this case because the affidavits and other documentation show that there is no genuine issue of material fact as to any of the allegations of the plaintiff's complaint. Additionally, the plaintiff contends that the defendants' four special defenses are legally insufficient and cannot defeat this motion.
The defendants argue, however, that summary judgment is not appropriate in this case. The defendants first argue that the affidavit of Keith Douglas, which seeks to establish the defendant's liability, is inadmissible on this motion because it is not based on facts with the affiant's personal knowledge. The defendants also contend that summary judgment is an inappropriate procedure to attack the legal sufficiency of a special defense. Furthermore, the defendant contends that issues of material fact CT Page 10263 exist precluding summary judgment. They also contend that there is an issue of fraudulent concealment, and that their special defenses are legally sufficient.
The defendants first argument concerning the admissibility of the affidavit of Keith Douglas is without merit. The defendants contend that this affidavit fails to meet the requirements of Practice Book Sec. 381, which states that "affidavits shall be made on personal knowledge, shall set forth facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." The defendants argue that this affidavit fails to state that Douglas has personal knowledge and that he, as a vice-president of EMC Mortgage Corporation, could not have personal knowledge of the matters stated in the affidavit because they concern a note and mortgage originally executed in favor of Fleet Bank and later assigned to EMC Mortgage Corp.
Douglas' affidavit, however, comports with the requirements of Practice Book Sec. 381. It affirmatively states that he is employed by EMC Mortgage Corporation as a vice-president, and that in this capacity, he is familiar "with the facts stated in this affidavit." In Brookfield v. Candlewood Shores Estates,Inc., 201 Conn. 1, 513 A.2d 1218 (1986), the court found that an affidavit stating that the affiant was "familiar with the subject matter of [this] suit" complied with the requirements of Practice Book Sec. 381. Id., 8-9. The defendants' reliance on the case ofEvans Products Co. v. Clinton Building Supply, Inc., 174 Conn. 512,341 A.2d 157 (1978), is misplaced since in that case the affidavit made "no affirmative showing of personal knowledge in the affidavit, such as a statement that the affiant is familiar with the Clinton account, or even that he is familiar or controls the plaintiff's business records." Id., 515. In this case, however, the affidavit states that the affiant is "familiar with the facts stated in this affidavit." The defendants' claims as to the admissibility of the Douglas affidavit, therefore, are without merit.
Additionally, the defendants' argument that a summary judgment motion should not be used to attack the sufficiency of a special defense is also misplaced. In this case, however, the plaintiff does not seek summary judgment as to the defendants' special defenses, but instead it seeks summary judgment as to the complaint. "There is a significant difference between requesting summary judgment on one's own complaint, and seeking judgment CT Page 10264 against an opponent's special defense. The latter is not permitted, but the former is appropriate." Centerbank v.Silvermine, 8 Conn. L. Rptr. 61, 62 (December 16, 1992, Lewis, J.). Since the plaintiff seeks summary judgment on the complaint, the defendants' argument is without merit.
Finally, the defendants' documentation does not refute the affidavits submitted by the plaintiff. The defendants instead rely on their special defenses to defeat, but they failed to submit any evidence that refutes the plaintiff's affidavits. The documents submitted by the defendants, two uncertified and unauthenticated letters, do not create a genuine issue of fact as to the defendants' liability under the note and mortgage in question. The defendants did not submit any other appropriate documentary proof to show how these letters create a genuine issue of fact as to their liability under the note and mortgage. "The mere presence of an alleged adverse claim is not sufficient to defeat a motion for summary judgment." Farrell v. Farrell,182 Conn. 34, 39, 438 A.2d 415 (1980). Instead, the opposing party must "recite specific facts . . . which contradict those stated in the [movant's] affidavits and documents." Id., 39-40. The defendants have failed to meet this burden on the issue of their liability under the note and mortgage, and therefore summary judgment is appropriate.
Accordingly, the plaintiff's motion for summary judgment is granted as to liability only.
PICKETT, J.