J-A26037-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| MICHELLE HEISER, F/K/A MICHELLE VINCH | : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : : : : | |
| LITTLE ENTERPRISES, L.P., A PENNSYLVANIA LIMITED PARTNERSHIP | : : : : : : : | No. 440 WDA 2019 |
| v. | : : : : : | |
| JOHN CARRICK, D/B/A MJ'S LANDSCAPING | : : : : : : | |
| APPEAL OF: MICHELLE HEISER | : | |

Appeal from the Order Entered February 26, 2019
In the Court of Common Pleas of Cambria County Civil Division at No(s):
2015-2337

BEFORE:  SHOGAN, J., LAZARUS, J., and OLSON, J.

MEMORANDUM BY OLSON, J.:                    **FILED MARCH 31, 2020**

Appellant, Michelle Heiser, appeals from the order entered on February 26, 2019, granting summary judgment in favor of Little Enterprises, L.P. (Little Enterprises) and John Carrick, D/B/A MJ's Landscaping (Carrick).  Upon review, we vacate the order granting summary judgment and remand for trial.

The trial court summarized the facts and procedural history of this case as follows:

This case arises out of [an] alleged slip and fall that Appellant suffered on February 6, 2014 at the DaVita Dialysis Center in the parking lot of the Budfield Plaza in Johnston, Pennsylvania. On that date, at approximately 4:15 a.m.[,] Appellant alleges she slipped and fell in the parking lot while cleaning the snow off her vehicle after her shift. Appellant claims that she slipped, attempted to stand up, slipped again, and then proceeded to feel through the snow around her until she felt the ice underneath of her with her hand. It is undisputed that a snow storm occurred on February 5, 2014 and continued throughout the morning of February 6, 2014, such that there was an estimated four inches of snow already covering the parking lot upon Appellant's arrival to work on the evening of February 5, 2014. Appellant believes that approximately another six inches of snow fell throughout the course of her shift at work that night. Appellant claims that Little Enterprises [], as owner of the Budfield Plaza, is liable for negligently maintaining the parking lot and for Appellant's alleged injuries that resulted from the fall. Little Enterprises [] joined as an additional [d]efendant [] Carrick, as the snow and ice removal contractor of the Budfield Plaza. Carrick was contracted by Little Enterprises to make sure that the parking lot of the Plaza was completely maintained before patients started arriving in the morning. [Scott Little, the general partner of] Little Enterprises[,] testified at [a] deposition that [Little Enterprises] monitored the parking lot at all times during the winter months and that [] Carrick is there to clean the parking lot every morning before 4:00 a.m.

[] Little Enterprises filed a [m]otion for [s]ummary [j]udgment on December 3, 2018. Subsequently, [] Carrick filed a [m]otion for [s]ummary [j]udgment on January 22, 2019 and [o]ral [a]rgument was held before the [c]ourt sitting en banc on February 15, 2019. Subsequently, the Honorable Judge Norman A. Krumenacker III and the Honorable Judge Patrick T. Kiniry granted [] Little Enterprises['] and [] Carrick's [m]otions for [s]ummary [j]udgment through an [o]pinion and [o]rder on February 26, 2019. [Appellant] then filed a [n]otice of [a]ppeal to [this] Court [] on March 21, 2019. [] Appellant filed her [s]tatement of [errors] [c]omplained of on [a]ppeal [pursuant to Pa.R.A.P. 1925(b)] on April 10, 2019. [The trial court issued an opinion pursuant to Pa.R.A.P. 1925(a) on May 3, 2019.]

Trial Court Opinion, 5/3/2019, at 1-2.

On appeal, Appellant presents the following issues for our review:

I.      Whether the [t]rial [c]ourt erred in granting [] [m]otion[s] for [s]ummary [j]udgment [filed by Little Enterprises and Carrick] when it capriciously disregarded evidence adduced during discovery that the ice formation upon which [Appellant] fell was not due entirely to a natural accumulation, including, but not limited to, testimony that the drains of the parking lot were covered by snow pushed over them, pictures of pooled water and ice formations near the drains due to inadequate drainage, testimony by the snow plow operator that he did not pay attention to where the drains were located when he plowed the snow, that the ice formation was limited to a defined area near the drains, and the expert report of Ronald Eck, a [p]rofessional [e]ngineer?

II.     Whether the [t]rial [c]ourt misapplied the standard of review for summary judgment by not providing [Appellant] the benefit of all reasonable inferences and resolving any doubts in her favor?

III.    Whether the [t]rial [c]ourt misapplied the "hills and ridges" doctrine to this case to mean that a [p]laintiff cannot recover if she falls during an active storm regardless of whether the accumulation causing the fall was not of an entirely natural origin?

Appellant's Brief at 4-5.[1]

Appellant argues that the trial court erred in granting summary judgment in favor of Little Enterprises and Carrick when it misapplied the hills and ridges doctrine in this matter. *Id.* at 22-24. She maintains that the doctrine of hills and ridges is only applicable when an icy condition is the result of an entirely natural accumulation of snow and ice following a recent snowfall.

---

[1] Because these arguments are interrelated, challenging the grant of summary judgment and the application of the doctrine of hills and ridges, we address all of Appellant's claims together.

*Id.* at 22. Here, Appellant claims that she presented evidence that the conditions that led to her slip and fall were caused by the negligence of Little Enterprises and Carrick and, thus, prohibited the application of the hills and ridges doctrine. *Id.* at 25. In sum, Appellant posits:

> A genuine issue of material fact exists as to whether or not the ice upon which [] Appellant slipped was of an entirely natural accumulation or whether there was sufficient human interaction by [Little Enterprises and Carrick] to prohibit application of the 'hills and ridges' doctrine and thus the entry of summary judgment by the trial court against [] Appellant.
>
> First and foremost, [] Appellant adduced testimony and evidence concerning [] large walls of snow and ice that were created by [Carrick's] snow plow [] at the edge of the parking lot which impeded the parking lot's drainage system. Secondly, the trial court's decision disregards evidence adduced of inadequate drainage and defects in the parking lot [surface] itself which caused water to pool at the edge of the parking lot in the vicinity in which [] Appellant slip[ped] and fell. Thirdly, the trial court's decision disregards the expert report of [] Appellant's engineer, Dr. Ronald W. Eck, P.E., Ph.D, who opines that human interaction, namely, the condition of the parking lot, the manner in which it was treated, and the lack of adequate drainage contributed to the accumulation of ice at the edge of the parking lot. Lastly, the lower court's decision disregards [Carrick's] testimony [] that he treated the parking lot prior to [] Appellant's fall and evidence that such treatment was negligently performed.

*Id.* at 25-26. As such, Appellant argues, "[a] reasonable inference from the facts established by the record is that the snow pushed to the lower edge of the parking lot by [] Carrick would mound and obstruct already defectively graded drains causing water to pool and freeze when temperatures dropped below freezing." *Id.* at 28. Accordingly, Appellant claims that because there

- 4 -

were genuine issues of material fact, it was improper for the trial court to grant summary judgment.

Our Supreme Court has stated:

Our review on an appeal from the grant of a motion for summary judgment is well-settled. A reviewing court may disturb the order of the trial court only where it is established that the court committed an error of law or abused its discretion. As with all questions of law, our review is plenary.

In evaluating the trial court's decision to enter summary judgment, we focus on the legal standard articulated in the summary judgment rule. Pa.R.C.P. 1035.2. The rule states that where there is no genuine issue of material fact and the moving party is entitled to relief as a matter of law, summary judgment may be entered. Where the non-moving party bears the burden of proof on an issue, [s]he may not merely rely on [her] pleadings or answers in order to survive summary judgment. Failure of a non-moving party to adduce sufficient evidence on an issue essential to [her] case and on which [she] bears the burden of proof establishes the entitlement of the moving party to judgment as a matter of law. Lastly, we will view the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party.

*Murphy v. Duquesne University of the Holy Ghost*, 777 A.2d 418, 429

(Pa. 2001) (citations, quotations, and ellipses omitted).

This Court has previously determined:

The doctrine [of hills and ridges], as defined and applied by the courts of Pennsylvania, is a refinement or clarification of the duty owed by a possessor of land and is applicable to a single type of dangerous condition, *i.e.*, ice and snow covered walks. The rule holds that an owner or occupier of land is not liable for general slippery conditions, for to require that one's walks be always free of ice and snow would be to impose an impossible burden in view of the climatic conditions in this hemisphere. In order to recover for a fall on an ice or snow covered sidewalk, a plaintiff must prove

(1) that snow and ice had accumulated on the sidewalk in ridges or elevations of such size and character as to unreasonably obstruct travel and constitute a danger to pedestrians travelling thereon; (2) that the property owner had notice, either actual or constructive, of the existence of such condition; (3) that it was the dangerous accumulation of snow and ice which caused the plaintiff to fall. Absent proof of all such facts, plaintiff has no basis for recovery.

*Wentz v. Pennswood Apartments*, 518 A.2d 314, 316 (Pa. Super. 1986) (internal citations omitted).

"In Pennsylvania, as a general rule, there is no liability created by a general slippery condition on the sidewalks. *It must appear that there were dangerous conditions* due to ridges or elevations which were allowed to remain for an unreasonable length of time, or were *created by defendant's antecedent negligence*." *Bacsick v. Barnes*, 341 A.2d 157, 160 (Pa. Super. 1975) (*en banc*) (citation omitted; emphasis supplied). "The hills and ridges doctrine may be applied only in cases where the snow and ice complained of are the result of an *entirely natural accumulation*, following a recent snowfall, as we reiterated that the protection afforded by the doctrine is predicated on the assumption that these formations are natural phenomena incidental to our climate." *Harvey v. Rouse Chamberlin, Ltd.*, 901 A.2d 523, 526 (Pa. Super. 2006) (internal quotations and citations omitted; emphasis in original).

Moreover,

[The] general hills and ridges rule is subject to a number of significant exceptions. Thus, proof of hills and ridges is not required when the hazard is not the result of a general slippery condition prevailing in the community, but of a localized patch of ice. Nor is proof of hills and ridges required when an icy condition

is caused by the defendant's neglect, as where a city maintains a defective hydrant, water pipe, drain, or spigot.

***Bacsick***, 341 A.2d at 160.

Upon review of the record, in this case, in response to the motions for summary judgment, Appellant relied upon an expert report from Ronald W. Eck, Ph.D., dated January 18, 2019. In making his assessment, Dr. Eck relied upon photographs and video of the site, a site-grading plan, the various pleadings filed in this matter, all of the deposition testimony taken, pedestrian safety literature, and a personal site visit approximately 14 months after the alleged accident. In rendering his opinion, Dr. Eck further relied upon photographs that he took while visiting the scene. Dr. Eck opined that settled and depressed areas around the parking lot drains and plowed snow blocking drainage inlets caused meltwater to pool on the surface of the edge of the parking lot which then froze causing the conditions that led to Appellant's fall. Dr. Eck opined that such a condition constituted an unnatural accumulation of ice.

Our Supreme Court has held:

It has long been Pennsylvania law that, while conclusions recorded by experts may be disputed, the credibility and weight attributed to those conclusions are not proper considerations at summary judgment; rather, such determinations reside in the sole province of the trier of fact[.] Accordingly, trial judges are required to pay deference to the conclusions of those who are in the best position to evaluate the merits of scientific theory and technique when ruling on the admissibility of scientific proof.

At the summary judgment stage, a trial court is required to take all facts of record, and all reasonable inferences therefrom, in a light most favorable to the non-moving party. This clearly includes

all expert testimony and reports submitted by the non-moving party or provided during discovery; and, so long as the conclusions contained within those reports are sufficiently supported, the trial judge cannot *sua sponte* assail them in an order and opinion granting summary judgment. Contrarily, the trial judge must defer to those conclusions, and should those conclusions be disputed, resolution of that dispute must be left to the trier of fact.

***Summers v. Certainteed Corp.***, 997 A.2d 1152, 1161 (Pa. 2010) (internal citations and quotations omitted).

In this case, the trial court issued two opinions[2] and neither opinion addressed Dr. Eck's report. Instead, the *en banc* trial court concluded:

[T]he facts are undisputed that [Appellant] fell during an active snowstorm. [Appellant] admitted that it was snowing when she arrived at work the prior evening, and that the snow continued to fall throughout the course of her shift at work. Furthermore, there is no evidence in the record to support the theory that the ice on which [Appellant] fell was not due to natural accumulation, and likewise no evidence to support the claim that the drainage of the parking lot was in some way defective. In this situation, the snowstorm was still active and the parking lot had yet to be cleared by Carrick for the arrival of the morning patients. Therefore, because there was no evidence to show that [] Carrick neglected to care for the parking lot as he did on a normal basis during a snowstorm, summary judgment is appropriate.

Trial Court Opinion, 3/26/2019, at 5-6. The Rule 1925 opinion reached the same conclusion. ***See*** Trial Court Opinion, 5/3/2019, at 4.

Upon review, we conclude that the trial court erred as a matter of law in granting the motions for summary judgment based upon the doctrine of

---

[2] As previously mentioned, the trial court, sitting *en banc* with Judges Norman A. Krumenacker and Patrick T. Kiniry, issued a decision regarding the motions for summary judgment on February 26, 2019. Judge Kiniry subsequently filed a decision pursuant to Pa.R.A.P. 1925 on May 3, 2019.

hills and ridges. As previously stated, the doctrine of hills and ridges is not an absolute bar to recovery merely because an alleged injury occurs during a snowstorm. There is still potential liability when the icy condition is created by a defendant's antecedent negligence, such as improper maintenance of drainage systems. In this case, Appellant presented an expert report from Dr. Eck wherein he opined that there were defects around the parking lot drains,[3] and that plowed snow further blocked the drains, causing water to pool and then freeze *before* the snow had fallen. This is a question of fact for a jury to consider.[4] Viewing the evidence in the light most favorable to Appellant, as our standard of review requires, the trial court was simply not permitted to disregard Appellant's expert evidence and instead rely exclusively

_____

[3] We briefly note that it is reasonable to infer that Little Enterprises would have had notice of the drainage conditions since undisputed evidence indicated that the parking lot's condition was unchanged for some time.

[4] Moreover, in her deposition, Appellant stated that she slipped and fell twice in an area near the parking lot drains, but was able to traverse the rest of the parking lot without incident. She claimed that she did not want to fall again, so she crawled around and felt "slick and smooth" ice underneath the approximately 10 inches of snow that had fallen. Appellant's Deposition, 12/15/2016, at 30-31. Appellant stated that once she felt pavement underneath her, she stood up. *Id.* at 31. Moreover, in response to the motions for summary judgment, Appellant also attached an affidavit from herself. Therein, she claims that she "observed a snow/ice mound that was approximately three (3) feet in height which ran the entire length of the lower edge of the parking lot [and] covered the drains that are located [there]." Appellant's Affidavit, 2/11/2019, at ¶¶ 2-3. Appellant claims that she slipped on smooth ice that was underneath the accumulation of new precipitation and posits that parking lot drains were negligently maintained. This evidence further creates an issue of material fact.

upon the doctrine of hills and ridges to grant summary judgment in this matter.

Order vacated.  Case remanded for trial.  Jurisdiction relinquished. Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/31/2020