J-S31018-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| ELSA MERTIRA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| CAMELBACK LODGE AND INDOOR | : | No. 1193 EDA 2022 |
| WATERPARK  AND CMBK RESORT | : | |
| OPERATIONS, LLC | : | |

Appeal from the Order Entered March 31, 2022
In the Court of Common Pleas of Monroe County Civil Division at No(s):
002031-CV-2021

BEFORE:   BOWES, J., NICHOLS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY NICHOLS, J.:                **FILED JANUARY 24, 2023**

Elsa Mertira (Appellant) appeals from the order granting the motion for summary judgment filed by Camelback Lodge and Indoor Waterpark and CMBK Resort Operations, LLC (Appellees), in the underlying personal injury action.  Appellant contends that the trial court erred in granting Appellees' motion for summary judgment because the motion was prematurely filed as discovery had not been completed.  Appellant also argues that the trial court misapplied the hills and ridges and ongoing storm doctrines.  Lastly, Appellant asserts that there are genuine issues of material fact that preclude the entry of summary judgment.  We affirm.

---

[*] Former Justice specially assigned to the Superior Court.

The trial court provided a brief summary of the facts of this case as follows:

> [Appellant] alleges that she slipped and fell on real property of [Appellees] due to ice/snow at approximately 8:30 p.m. on January 1, 2021.  There is no dispute that [Appellant] fell while leaving a restaurant owned/maintained/managed by [Appellees].  She was accompanied by various family members, some of whom saw where she fell.  None of the witnesses identified any hills or ridges formed by ice or snow.  It is undisputed that there was precipitation falling in the form of freezing rain and/or snow both prior to [Appellant] entering the restaurant, and after she left.  It is also undisputed that freezing rain and/or snow was still falling at the time of [Appellant's] accident and did not stop until at least three hours after her fall.  There also was no dispute that [Appellant] and her other family members chose to walk on a grassy strip, and not on a walkway/sidewalk or parking lot, at the time of [Appellant's] fall.  Finally, it was undisputed that [Appellant] slipped and fell in the grassy area between the curb and a fence on the property, and not on a walkway, sidewalk or parking lot of [Appellees'] property.

Trial Ct. Op., 3/31/22, at 2.

On February 14, 2022, Appellees filed a motion for summary judgment. Therein, Appellees argued that under the "hills and ridges" doctrine, Appellees did not have a duty to remove ice and snow until a reasonable time after the winter weather had ended, and that they did not have a duty to remove ice and snow from grassy areas.  *See* Mot. for Summ. J., 2/14/22, at 8-10; R.R. at 12a-14a.[1,2]

---

[1] We may cite to the reproduced record for the parties' convenience.

[2] Appellees attached an expert report prepared by Steven Roberts, a meteorologist, to their motion for summary judgment.  *See* Mot. for Summ.
*(Footnote Continued Next Page)*

Appellant responded to Appellees' motion for summary judgment, arguing that Appellees' motion was premature because discovery was not complete, the hills and ridges doctrine did not apply to this case, and there were outstanding questions of fact regarding the weather and if Appellees acted reasonably to avoid the accumulation of snow and ice. **See** Resp. in Opp. to Mot. for Summ. J., 3/15/22, at 3-11; R.R. at 18a-26a. Appellant asserted that her requested deposition of a member of Appellees' maintenance team was necessary for her to adequately respond to Appellees' motion. **See** **id.** at 5-6; R.R. at 20a-21a.

On March 31, 2022,[3] the trial court granted Appellees' motion for summary judgment and dismissed all claims against Appellees with prejudice. Appellant filed a timely appeal and a timely court-ordered Pa.R.A.P. 1925(b) statement. The trial court filed a Rule 1925(a) opinion adopting its March 31, 2022 opinion. **See** Trial Ct. Op., 5/9/22.

Appellant presents the following issues for our review, which we restate as follows:

_____

J., 2/14/22, Ex. I. On March 7, 2022, Appellees filed an amended version of Roberts' expert report.

[3] The trial court's opinion and order are both dated March 30, 2022, but the trial court notified the parties of the entry of its opinion and order on March 31, 2022. **See** Pa.R.A.P. 108(b); Pa.R.C.P. 236(b). We have amended the caption accordingly.

- 3 -

1. The trial court erred in granting Appellees' motion for summary judgment because the motion was premature as discovery had not been completed.

2. The trial court erred in its application of the "storm in progress" and "hills and ridges" doctrines to Appellees' motion for summary judgment.

3. The trial court erred in granting Appellees' motion for summary judgment because there were genuine issues of material fact.

Appellant's Brief at 4-5.[4]

**Premature Motion and Hills and Ridges Doctrine**

Appellant's first two issues are interrelated; therefore, we analyze them together. Appellant argues that the trial court erred in granting Appellees' prematurely filed motion for summary judgment. *Id.* at 11-13 (citing *Kerns v. Methodist Hosp.*, 574 A.2d 1068 (Pa. 1990)). Specifically, Appellant claims that before Appellees filed their motion for summary judgment she had "requested a deposition of the maintenance team member that responded to the scene [of her fall]." *Id.* at 12. However, Appellees did not respond to her

_____

[4] Appellant's statement of issues on appeal is a single, page-and-a-half-long paragraph, which we have separated into three distinct issues. *See* Pa.R.A.P. 2116 (requiring that "the statement of the questions involved must state concisely the issues to be resolved, expressed in the terms and circumstances of the case but without unnecessary detail"). Additionally, the argument section of Appellant's brief is not divided into separate sections for each issue we have identified. *See* Pa.R.A.P. 2119(a) (stating "[t]he argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part . . . the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent"). We do not condone Appellant's failure to comply with the Rules of Appellate Procedure, but because this noncompliance does not impede our review, we decline to find waiver. *See, e.g.*, *Forrester v. Hanson*, 901 A.2d 548, 551 n.2 (Pa. Super. 2006).

request, and instead filed their motion for summary judgment. *Id.* Appellant contends that "[a]n important threshold question in the 'hills and ridges' and 'storm in progress' case law is what actions were taken by defendant and what effect those actions had on the icy conditions[,]" therefore, deposing a maintenance team member regarding Appellees' "procedures and protocols for ice prevention, ice remediation and removal[]" was "essential" for her to respond to Appellees' motion. *Id.* at 12, 19. Appellant concludes that because "[d]iscovery was ongoing and was not complete at the time that the motion was filed[,]" Appellees' motion was premature and that the trial court erred by granting the motion instead of denying it to permit the completion of discovery. *Id.* at 11; *see also id.* at 20.

Further, Appellant argues that the trial court erred in concluding the "hills and ridges" doctrine applied to this case. *Id.* at 13-20. Specifically Appellant contends that the "'hills and ridges' doctrine only applies in situations where the ice is 'the result of an entirely natural accumulation'. The doctrine does not apply when the ice is the result of defendant's neglect." *Id.* at 18 (quoting *Bacsick v. Barnes*, 341 A.2d 157, 160 (Pa. Super. 1975)). Additionally Appellant claims that "[i]f there has been human interaction with the precipitation which has caused some ice or snow [to] accumulate, the doctrine does not apply." *Id.* (citing *Harvey v. Rouse Chamberlin, Ltd.*, 901 A.2d 523 (Pa. Super. 2006)). Appellant asserts that because Appellees run a winter sports resort, they had notice and a duty to ensure that their walkways are clear of ice and safe for guests to use. *Id.* at 15-16, 19.

Appellant also argues that Appellees' failure to remove ice from the walkway between the restaurant and the hotel forced Appellant and her family to walk on the grass adjacent to the walkway, where she fell. *Id.* at 16-17. Appellant concludes that the trial court erred in applying the hills and ridges doctrine to Appellees' motion. *Id.* at 18-19.

This Court has explained:

Our scope of review of summary judgment orders is plenary. We apply the same standard as the trial court, reviewing all the evidence of record to determine whether there exists a genuine issue of material fact. We view the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. Only where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to judgment as a matter of law will summary judgment be entered.

Motions for summary judgment necessarily and directly implicate the plaintiff['s] proof of the elements of [her] cause of action. Summary judgment is proper if, after the completion of discovery relevant to the motion, . . . an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury. Thus a record that supports summary judgment will either (1) show the material facts are undisputed or (2) contain insufficient evidence of facts to make out a *prima facie* cause of action or defense and, therefore, there is no issue to be submitted to the jury. Upon appellate review we are not bound by the trial court's conclusions of law, but may reach our own conclusions. The appellate court may disturb the trial court's order only upon an error of law or an abuse of discretion.

***Collins v. Phila. Suburban Dev. Corp.***, 179 A.3d 69, 73 (Pa. Super. 2018) (citation omitted and formatting altered); ***see also Kerns***, 574 A.2d at 1073

- 6 -

(stating that "the standard of review for an appellate court reviewing a decision to grant or deny a continuance to complete further discovery under Pa.R.C.P. 1035(e)[5] is whether the trial court abused its discretion" (citations omitted)).

"A fact is considered material if its resolution could affect the outcome of the case under the governing law." ***Hosp. & Healthsystem Ass'n of Pa. v. Commonwealth***, 77 A.3d 587, 602 (Pa. 2013) (citations omitted).

Rule of Civil Procedure 1035.3, which governs responses to motions for summary judgment, states in relevant part:

> (a) . . . the adverse party may not rest upon the mere allegations or denials of the pleadings but must file a response within thirty days after service of the motion . . .
>
> *        *        *
>
> (b) **An adverse party may supplement the record or set forth the reasons why the party cannot present evidence essential to justify opposition to the motion and any action proposed to be taken by the party to present such evidence**.
>
> (c) The court may rule upon the motion for judgment or permit affidavits to be obtained, depositions to be taken or other discovery to be had or make such other order as is just.

Pa.R.Civ.P. 1035.3(a)-(c) (emphasis added).

Where the parties have had a reasonable time for discovery and the party opposing summary judgment fails to demonstrate the materiality of the requested outstanding discovery, the trial court does not abuse its discretion

---

[5] Former Pa.R.C.P. 1035(e), *rescinded and replaced by* Pa.R.C.P. 1035.3(b), (c) (eff. July 1, 1996, am. eff. Sept. 1, 2003).

by denying the request for a continuance to pursue further discovery. ***See Kerns***, 574 A.2d at 1073-74; ***see also Manzetti v. Mercy Hosp. of Pittsburgh***, 776 A.2d 938, 950-51 (Pa. 2001) (stating that "[s]ummary judgment may be entered prior to the completion of discovery in matters where additional discovery would not aid in the establishment of any material fact. Thus, the question is whether additional discovery would have aided in the establishment of any material fact" (citation omitted)).

This Court has explained:

For a party to prevail in a negligence action, a plaintiff must prove that the defendant owed a duty of care to the plaintiff, that duty was breached, the breach resulted in the plaintiff's injury, and the plaintiff suffered an actual loss or damages. A land possessor is subject to liability for physical harm caused to an invitee[6] only if the following conditions are satisfied:

[T]he land possessor knows of or reasonably should have known of the condition and the condition involves an unreasonable risk of harm, the possessor should expect that the invitee will not realize it or will fail to protect [herself] against it, and the possessor fails to exercise reasonable care to protect the invitee against the danger.

An invitee must present evidence proving either the possessor of the land had a hand in creating the harmful condition, or he had actual or constructive notice of such condition. What constitutes constructive notice depends on the circumstances of the case, but one of the most important factors to consider is the time that elapsed between the origin of the condition and the accident.

---

[6] There is no dispute that Appellant was an invitee of Appellees. ***See*** Appellees' Brief at 10.

The hills and ridges doctrine,[7] as defined and applied by the courts of Pennsylvania, is a refinement or clarification of the duty owed by a possessor of land and is applicable to a single type of dangerous condition, *i.e.*, ice and snow.

*Collins*, 179 A.3d at 73-74 (citations and footnote omitted and formatting altered).

However, this Court has also stated that

the hills and ridges doctrine may be applied only in cases where the snow and ice complained of are the result of an **entirely natural accumulation**, following a recent snowfall, as we reiterated that the protection afforded by the doctrine [to owners and possessors of land] is predicated on the assumption that these formations are natural phenomena incidental to our climate.

*Harvey*, 901 A.2d at 526 (citations omitted and formatting altered, emphasis in original).

In order to recover for a fall on an ice- or snow-covered surface, where the hills and ridges doctrine applies, a plaintiff must prove:

(1) that snow and ice had accumulated on the sidewalk in ridges or elevations of such size and character as to unreasonably obstruct travel and constitute a danger to pedestrians travelling thereon; (2) that the property owner had notice, either actual or constructive, of the existence of such condition; and (3) that it was the dangerous accumulation of snow and ice which caused the plaintiff to fall.

_____

[7] The hills and ridges doctrine is "a long standing and well entrenched legal principle that protects an owner or occupier of land from liability for generally slippery conditions resulting from ice and snow where the owner has not permitted the ice and snow to unreasonably accumulate in ridges or elevations." *Collins*, 179 A.3d at 72 (citation omitted).

This Court has further opined that the only duty upon the property owner or tenant is to act within a reasonable time after notice to remove the snow and ice when it is in a dangerous condition.

* * *

[U]nder prevailing law, a landowner [or possessor of land] has no obligation to correct the conditions until a reasonable time after the winter storm has ended.

* * *

Further, . . . this Court recognized that a landowner [or possessor of land] has no duty to salt or sand a parking lot during/immediately after an ice storm. Thus, we find no support for [the plaintiffs'] argument that a landowner or possessor of land] has a general affirmative legal duty to do so prior to a winter storm. In fact, the entire "gist" of the hills and ridges doctrine is that a landowner [or possessor of land] has no duty to correct or take reasonable measures with regard to storm-created snowy or icy conditions until a reasonable time after the storm has ceased.

**Collins**, 179 A.3d at 74-76 (citations omitted and formatting altered); **see also Alexander v. City of Meadville**, 61 A.3d 218, 225 (Pa. Super. 2012) (concluding that the defendant was not liable when the plaintiff "fell on freshly fallen snow over a smooth patch of ice due to winter conditions which permeated the community—not on a hilly or ridged icy accumulation").

Here, the trial court explained:

Precipitation was still falling at the time of [Appellant's] fall, and [Appellees] were under no obligation to do anything until a reasonable time after the storm ended. [Appellant] also failed to adduce any hills or ridges or any condition other than general slippery conditions that existed in the local geographical area. [Appellees] also had no duty to keep the grassy area, where [Appellant] chose to walk, free and clear from icy/snowy conditions. The area was between a curb and a fence, and was not a walkway, sidewalk or parking lot. Each of these reasons standing alone is sufficient for [Appellees] to prevail on their motion for summary judgment.

- 10 -

[Appellant] contends she was forced to walk on the grassy area due to ice and snow on the sidewalks and/or parking lot where she was initially traversing when exiting the restaurant. However, a plaintiff's choice of travel does not impose liability on a property owner simply by claiming the path taken appeared less dangerous, and [Appellant] has not cited any case law to the contrary. There also was no duty on the [Appellees] to address the icy or slippery conditions on a sidewalk or parking lot until the winter event had ended and a known dangerous condition caused by hills or ridges still existed. Finally, [Appellant] has produced no evidence that the area she chose to avoid had anything other than general slippery conditions caused by the then falling precipitation, as opposed to hills and ridges formed by precipitation that had already ended.

[Appellant] also argues that discovery is not complete and that a requested deposition of someone from [Appellees'] maintenance team is necessary. [Appellant] asserts such a witness can provide information related to the policies and procedures for ice prevention/remediation/removal. However, such information is irrelevant in light of the other undisputed facts in this matter. [Appellees'] policies and procedures in a snow/ice storm have no bearing on the fact that there was an ongoing storm at [the] time of [Appellant's] fall, there were generally slippery conditions with no hills or ridges present, and [Appellant] fell in a grassy area not intended for travel by pedestrians. Each of these conditions bars [Appellant's] claims of negligence.

Trial Ct. Op., 3/31/22, at 4-5 (formatting altered).

Here, Appellant argues that Appellees had a duty to pre-treat walkways to prevent the accumulation of ice and snow because they operate a winter sports resort. Under Pennsylvania law, an owner or possessor of land generally does not have a duty to pretreat walkways or take other measures to prevent the accumulation of ice and snow prior to or during a winter storm. *See Collins*, 179 A.3d at 76. Appellant fails to cite to any authority indicating that this general rule does not apply to Appellees.

- 11 -

Further, Appellant's reliance on *Harvey* and *Bacsick* to support her argument that the hills and ridges doctrine does not apply to this case is misplaced. The *Harvey* Court concluded the hills and ridges doctrine did not apply because there was undisputed evidence that the co-defendant had plowed the area where the plaintiff fell, therefore the black ice in that area was not an entirely natural accumulation. *See Harvey*, 901 A.2d at 526. In *Bacsick*, this Court held that the doctrine was not applicable because the snow blocking the sidewalk was not an entirely natural accumulation because municipal plows had deposited some of the snow there. *See Bacsick*, 341 A.2d at 159-61. Appellant has failed to refer to any evidence in record that human activity contributed to the accumulation of ice on the path were Appellant fell. To the contrary, Appellant's theory of liability is predicated on the Appellees' **failure** to take precautions to prevent the natural accumulation of ice on that walkway. For these reasons, we conclude that the trial court did not err in concluding that the hills and ridges doctrine applied to this case. *See Collins*, 179 A.3d at 73.

Further, based on our review of the record, we discern no abuse of discretion by the trial court in addressing the merits of Appellees' motion for summary judgment instead of denying it as premature and permitting Appellant to depose Appellees' employee. As stated above, Appellees did not have a duty to remove ice and snow during a winter weather event nor did they have a duty to pre-treat walkways or take other preventative measures. *See Collins*, 179 A.3d at 75-76. Appellant's proposed deposition of a member

of Appellees' maintenance team regarding protocols for ice prevention would not establish any material facts as to weather conditions on the date of Appellant's fall or the existence of accumulations of ice and snow into hills and ridges. *See Kerns*, 574 A.2d at 1073-74 (explaining that a party opposing summary judgment on the grounds that discovery is incomplete must establish that the requested discovery is material); *see also Manzetti*, 776 A.2d at 950-51. Therefore, we conclude that the motion was not premature, and the trial court did not abuse its discretion by deciding the motion on the merits. *See Kerns*, 574 A.2d at 1073. For these reasons, Appellant is not entitled to relief on these claims.

## Material Issues of Fact

Appellant also argues that material issues of fact exist regarding the weather conditions and the reasonableness of Appellees' omissions. Appellant's Brief at 9-10, 13-15, 17-18, 20. Specifically Appellant contends that Appellees' meteorology expert report establishes that there were gaps in the precipitation and that this raises a material issue of fact regarding the weather conditions on January 1, 2021. *Id.* at 13-14, 17. Appellant further asserts that whether the ice had accumulated into hills and ridges and whether the Appellees' failure to take measures to prevent/remove the accumulation of ice on the walkways was reasonable are material issues of fact. *Id.* at 14-15, 18. Therefore, Appellant concludes that the trial court erred in entering summary judgment in favor of Appellees. *Id.* at 20.

As stated above, under the hills and ridges doctrine, an owner or possessor of land does not have a duty to remove ice or snow that has accumulated until a reasonable time after the winter storm has ended. **See Collins**, 179 A.3d at 75-76. Additionally, an owner or possessor of land is only responsible for keeping parking lots, sidewalks, and other areas intended for pedestrian travel clear of ice and snow after the owner or possessor has notice of the hazardous condition. **See, e.g.**, **Heasley v. Carter Lumber**, 843 A.2d 1274, 1277 (Pa. Super. 2004) (explaining that the hills and ridges doctrine "was intended to protect property owners from the undue burden of ensuring that open spaces such as **sidewalks and parking lots** are constantly kept clear of snow and ice" (emphasis added)); **Gilligan v. Villanova University**, 584 A.2d 1005, 1007-08 (Pa. Super. 1991) (concluding that the defendant university was not liable when the plaintiff departed from a sidewalk and fell on a snow-covered grassy area of the campus because requiring a landowner to clear snow and ice from the entire property "would be impracticable and absurd").

At the outset, we note that although Appellant identifies multiple issues that she claims are material questions of fact, she has failed to support her arguments with citations to the record. **See Milby v. Pote**, 189 A.3d 1065, 1079 (Pa. Super. 2018) (noting that it is not the duty of the reviewing court to develop an argument for an appellant or to scour the record to find evidence to support an argument); **see also** Pa.R.A.P. 2119 (requiring a party to support its arguments with relevant citations). Therefore, we conclude that

Appellant has waived this claim. **See Milby**, 189 A.3d at 1079 (holding that an appellant's failure to develop arguments in a brief results in waiver); **see also Lackner v. Glosser**, 892 A.2d 21, 29 (Pa. Super. 2006) (providing that arguments that fail to adhere to the Pennsylvania Rules of Appellate Procedure and are not developed are waived).

In any event, were we to reach the merits of this claim, we would affirm on the basis of the trial court's opinion. **See** Trial Ct. Op., 3/31/22, at 4-5; **see also Collins**, 179 A.3d at 74-75 (explaining that under the hills and ridges doctrine, an owner or possessor of land is not liable when "the accident occurred at a time when general slippery conditions prevailed in the community as a result of recent precipitation", and further that an owner or possessor of land has no duty to remove ice and snow "until a reasonable time after the winter storm has ended" (citations and quotation marks omitted)); **Gilligan**, 584 A.2d at 1007-08 (concluding that the defendant was not liable when the plaintiff departed from a sidewalk and fell on snow that had accumulated on a grassy area of the defendant's property).

For these reasons we conclude that the trial court did not err or abuse its discretion in entering summary judgment in favor of Appellees. Therefore, we affirm the trial court's order.

Order affirmed.

President Judge Emeritus Stevens joins the memorandum.

Judge Bowes files a concurring memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>1/24/2023</u>